## Jones, Appellant, *v.* Aronson.

*Equity—Specific performance—Agents—Real estate agents—Counsel fee and expense—Punitive damages.*

1. Where real estate agents secretly purchase real estate of their client, and take title in the name of a clerk in their employ for their own benefit, and the principal on the discovery of the transaction refuses to accept certain mortgages offered in partial payment of the purchase money because they were not of their face value, and the agents then offer to reconvey if the mortgages are returned, the client is justified in refusing the offer and may maintain a bill for specific performance, and therein recover reasonable compensation for counsel fee and expenses, if evidence to support such claim is offered; but the client in such a proceeding will not be entitled to recover punitive damages.

*Appeals—Assignments of error—More than one point—Printing testimony—Decree.*

2. Assignments of error which embrace more than one point will not be considered.

3. Assignments of error in an equity case, which refer to questions of fact will not be considered where the appellant fails to print the testimony.

4. An assignment of error to the refusal of the court to grant a motion for the taking of new evidence, and for an additional hearing in an equity case, will not be considered where the evidence is not printed.

5. An assignment of error to the effect that the court "erred in striking from draft of final decree submitted under equity rule 84, the express saving of plaintiff's right to bring an action of deceit at law," will not be considered where it appears that the final decree as presented was not printed, and that that which was signed by the court and printed by the appellant as the final decree, showed no erasures or omissions.

Argued May 5, 1910.  Appeal, No. 192, April T., 1910, by plaintiff, from decree of C. P. No. 1, Allegheny Co., March T., 1909, No. 486, on bill in equity in case of Kate Jones, Executrix of the last will of Mary McGann, deceased, *v.* I. Leonard Aronson et al.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Bill in equity for specific performance.  Before FORD, J.

The facts are stated in the opinion of the Superior Court.

The court awarded specific performance.

*Errors assigned* were the various rulings mentioned in the opinion of the Superior Court.

*William Macrum*, for appellant.

*L. K. Porter*, for appellee, filed no printed brief.

OPINION BY BEAVER, J., March 1, 1911:

The plaintiff, appellant, is the executor of the last will and testament of Mary McCann, deceased. By the terms of the will she was directed to sell two certain lots of ground belonging to the testatrix. She consulted and sought the services of the defendants, as real estate agents, one of the defendants, Cross, being the clerk of the Aronson Realty Company, which was composed of the other defendants. She fixed the value of the real estate which she intrusted to the defendants for sale at $1,600, and requested them to sell the same at that price. Cross, the employee of the other defendants, inquired whether or not she would accept $1,500, to which she assented. It was then reported to her that they had effected the sale to one, B. Creighton, who, although that fact was not disclosed to the plaintiff, was a stenographer in the defendants' office and was simply used by them to take title in her name for their benefit. As part payment of the purchase money, the defendants delivered to the plaintiff two several mortgages of $600 each, which upon examination were found to be a security which could not be sold for their face value, and the court finds, as a matter of fact, that they were not worth their face value. The plaintiff finally employed counsel with whom, upon demand made, defendants agreed to reconvey the property upon return to them of the mortgages which had been given to the plaintiff, which was refused. Thereupon the present bill

in equity was filed, praying for specific performance of the contract and other relief.

The court below, upon the trial, found the facts as practically alleged in the bill and decreed specific performance under a statement of the amount, based upon the purchase money at $1,500, and the sums expended by the defendants in the payment of taxes and liens for municipal improvements theretofore made, and awarding a balance of $1,114.36 to the plaintiff. The court declined to find as a fact that the plaintiff was entitled to the sum of $300 claimed by her for counsel fees and $50.00 for time and expenses in conducting the suit against the defendants, first, on the ground that the suit was not a necessity, in view of the fact that the defendants were willing to reconvey the property and place the plaintiff in statu quo without suit or expense, and, secondly, that there was no evidence upon which such findings could be based. The court also declined to find that, either in fact or law, the plaintiff was entitled to punitive damages, because of the fraud admittedly practised by the defendants upon her.

Under the facts, as found by the court, based upon the testimony heard by the trial judge, we are of opinion that to be restored to the status quo prior to the plaintiff's negotiations with the defendants the plaintiff was entitled to a reasonable compensation for counsel fees and time and expenses, but, in the absence of testimony as to what these several items were reasonably worth, we fail to see how the court could have fixed an amount which would compensate the plaintiff therefor, nor is it apparent to us that in equity, seeking specific performance, the plaintiff could consistently claim punitive damages, because of the fraud practised upon her by the defendants. The defendants were undoubtedly bound to deal with the plaintiff uberrima fide and were, therefore, it seems to us, bound to make good to the plaintiff what she had reasonably expended in counsel fees and had lost in time and effort in securing the rights of her testatrix, and we would be glad to modify the decree of the court below in this

respect, if we were able to find in the evidence what these several amounts actually were, or reasonably should be; but, in the absence of such evidence, we have nothing before us upon which to base such a modification.

We are, therefore, compelled to overrule the third assignment of error, which is also fatally defective for the reason that it violates our rule XIV, which requires that "Each. error relied on must be assigned particularly and by itself. If any assignment embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged." There are three distinct questions or points contained in this assignment: first, the loss of $100 difference between the price she, plaintiff, was prevailed on to accept and the price they, defendants, fraudulently contrived not to ask; second, the counsel fees which the court was asked to fix at $300; and third, the personal expenses and time wasted by the plaintiff, which the court was asked to fix at $50.00.

As appears from the docket entries, the case was regularly set for trial upon the equity list. Whether or not testimony was taken does not distinctly appear, but it is to be inferred from the remarks of the trial judge in the findings of fact and his conclusions of law, and also from the argument of the appellant, that testimony was taken. If so, it is not printed in the appellant's paper-book, and we are left only the bill, the answer, the interrogatories of the plaintiff propounded to the defendants and their answer thereto.

Inasmuch as the specifications of error refer to questions of fact, particularly the first, second, fourth, fifth and sixth assignments, it is practically impossible for us to determine whether or not the findings of the court and its conclusions of law were based upon sufficient evidence, and we must assume that they are correct as to fact; and, if so, we think they warranted the conclusions reached by the court.

The refusal of the court to grant the motion for the

taking of new evidence and the additional hearing prayed for, as specified in the fifth and sixth assignments, was largely within the discretion of the court, and we are not able to determine, without the evidence, whether or not this discretion was fairly exercised.

As to the seventh assignment, which is: "The court, having omitted to decree any damages, erred in striking from draft of final decree submitted under equity rule 84 the express saving of plaintiff's right to bring an action of deceit at law." We have no standard by which to try the question of fact herein stated. The final decree, as presented, is not printed, and that which is signed by the court and printed by the appellant as the final decree shows no erasures or omissions. It is, therefore, impossible for us to determine whether or not the complaint of the so-called omission is well founded.

On the whole case, as presented, we fail to find any reversible error, and, if the court failed in any degree to afford all the equitable relief prayed for in the bill, and allowable, if the prayers had been fully sustained by the facts, that failure is fully accounted for by the fact that no evidence upon which findings of fact and conclusions of law could be based, so far as appears in the appellant's paper-book, was presented.

Decree affirmed and appeal dismissed at the costs of the appellant.