## Lafferty, Appellant, *v.* Moll.

Argued April 27, 1931.   Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER and MAXEY, JJ.

*Edward C. Dougherty,* for appellant, cited: Under-down v. Underdown, 270 Pa. 229; Collyer v. Collyer, 38 Pa. 257; Murphy v. Murphy, 263 Pa. 196; Tully v. Fel-ton, 177 Pa. 356; Harris v. Silvis, 86 Pa. Superior Ct. 222; Kenworthy v. Equitable Trust Co., 218 Pa. 286; Michod v. Girod, 45 U. S. 503.

*Albert W. Sanson,* for appellee, cited: Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40; More v. Bank &

Trust Co., 297 Pa. 252; Donaldson v. Andresen, 300 Pa. 312.

OPINION BY MR. JUSTICE KEPHART, May 11, 1931:

Moll, appellee, by agreement was designated an agent of Lafferty, appellant, to collect the rents from and make sale of several properties, and account to appellant. This bill was for an accounting. The court below found that the collection and payment of rents on appellant's account were clearly shown by defendant, and a statement of such transactions was given showing receipts and expenditures. We have read the record and agree with this conclusion.

The court also found that the sales of the various properties complained of were made pursuant to an agreement in each case between Moll and Lafferty; the full amounts due Lafferty on each transaction were received and accepted by him, and there was nothing in any of these matters for which the defendant should now be obliged to account. Moll produced settlement sheets showing exactly the money paid in each case. We concur in this finding.

Appellant took the further position in the court below and here that defendant while acting as agent purchased the properties from him, taking title in a straw man, without revealing to appellant his (the agent's) exact connection with the purchases; that such transaction was improper and defendant must account for any profits in relation to the matter.

Where a real estate agent agrees to sell land for another, he cannot sell the land to a nominee or straw man acting for the agent who thereafter resells at a profit without accounting to the owner for such profits: Powers v. Black et al., 159 Pa. 153; Rich v. Black & Baird, 173 Pa. 92. See also Jones v. Aronson, 45 Pa. Superior Ct. 148.

We have examined the record with care and it does not show a single transaction which would justify the

court below in finding that there was a profit made by Moll, or that he received moneys that he was not entitled to receive from a sale or that there was any undue advantage.

While the original bill did not contain an averment of improper acts on the part of the agent, the amendment was later considered by the court, and we agree with the finding that, "There is no adequate testimony to indicate that there was any secret or fraudulent dealing on the part of the defendant, or that anything was done by the defendant as to which the plaintiff was uninformed. We would not be warranted in finding that the defendant should account to the plaintiff for any profits made by the defendant in the matter of the handling of the plaintiff's properties." And we may further add that there is nothing in this record that shows that any profits were made.

Plaintiff's exceptions are overruled. The decree of the court below is affirmed at the cost of the appellant.