# Minnich, Appellant, *v.* Kauffman.

*Equity—Adequate remedy at law—Certifying case to law side of court—Act June 7, 1907, P. L. 440—Landlord and tenant—Wrongful eviction—Remedy—Action for damages—Injunction.*

A bill in equity by a lessee seeking injunctive relief against his lessor for evicting him from the premises used as a factory is properly certified to the law side of the court for further proceedings under the Act of June 7, 1907, P. L. 440, inasmuch as there is an adequate remedy at law to recover such damages as may be sustained as the result of the wrongful eviction.

Argued May 14, 1919. Appeal, No. 196, Jan. T., 1919, by plaintiff, from decree of C. P. York Co., Aug. T., 1918, No. 1, in equity, certifying case to the law side of the court in the case of John W. Minnich v. William Kauffman. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for an injunction.

The court certified the case to the law side of the court for the reasons stated in an opinion by WANNER, P. J., as follows:

The plaintiff, who was the lessee of the defendant's cigar factory, alleged, in his bill filed in this case, that his landlord had unlawfully evicted him from the premises, and locked up the buildings so that neither he nor his employees could reënter, or resume business therein.

The prayer of the bill was for a preliminary injunction to prevent further interference with his business, and for a mandatory order, restoring him to the possession of the premises.

A preliminary injunction was granted upon the bill, and injunction affidavits filed in support thereof, and a time fixed for the hearing. In the meantime the defendant filed an answer denying the jurisdiction of the court and moved the court to dismiss the plaintiff's bill. He now asks that the question of jurisdiction thus raised be

decided by the court in limine, before proceeding to a hearing on the merits of the case. This is clearly the order of practice prescribed by the Act of June 7, 1907, P. L. 440. But where the court refuses to assume jurisdiction, the act makes it the duty of the court to certify the case to the law side of the court for further proceedings therein, and not to dismiss the bill, as prayed for in this case. This is the specific direction of the act itself, and is the proper and well settled practice under numerous decisions construing the statute: Kramer v. Slattery, 260 Pa. 234; Nanheim v. Smith, 253 Pa. 380; Musselman v. Myers et al., 240 Pa. 5; Freseman v. Purvis, 51 Pa. Superior Ct. 506.

The question whether or not the court has equity jurisdiction in this case depends on whether or not the plaintiff has an adequate remedy at law for the redress of the wrongs and injuries of which he complains.

The bill alleges the complete eviction of himself and his employees from the leased premises by order of his landlord, and the locking of the buildings so that there can be no reëntry upon the same by the plaintiff or his agents.

It also sets forth at length the resulting losses already sustained, and those that will necessarily follow, and avers that, because there is no adequate remedy at law for the same, the plaintiff will suffer irreparable injury, unless granted an equitable remedy.

The textbooks and the decisions of the courts, however, recognize several well settled actions at law, whereby damages may be recovered for the wrongful eviction of a tenant by his landlord. To deprive the lessee of the use and occupation of the leased premises is a breach of the landlord's covenant of quiet enjoyment and possession of the premises. Such a covenant, when not expressly set forth, will be implied from the use of the usual formal terms of the lease, viz: "lease and let," or "demise and let," etc. But whether express or implied, the breach of such covenants by the lessor entitles the tenant to recover

damages in an action of covenant (or in an action of assumpsit, under our present system of pleading), and the measure of his damages, for such eviction, has been passed upon and repeatedly construed and determined by the courts. In some cases the form of action adopted was trespass: Tricket on Landlord & Tenant, pages 359-363; Johnson v. Phila., 64 Pa. Superior Ct. 278; Hendler v. Quigley, 38 Pa. Superior Ct. 39, 45; Gallagher v. Burke, 13 Pa. Superior Ct. 244; Steel v. Frick, 56 Pa. 172; Seyfert v. Bean, 83 Pa. 450; O'Neal v. Sneeringer, 12 York Leg. Rec. 141; 9 Am. & Eng. Ency. of Law 1015; 24 Cyc. 1057-1060; 1072-1074.

In a recent case the Supreme Court expressly holds that where there has been a wrongful eviction of the tenant by the landlord, the former may waive his action on the breach of the covenant, and bring trespass at once, for the resulting damages: Schienle v. Eckels, 227 Pa. 305.

In the light of these authorities there seems to be no doubt that the plaintiff has a remedy at law against the defendant for the eviction complained of in his bill, and the only remaining question, for consideration, is whether or not it is adequate and sufficient to enable him to recover such damages as he may sustain. The general rule laid down in the cases cited is, that the lessee may recover in an action of trespass for all losses which he can prove he has actually sustained, or which he will necessarily sustain, under the circumstances, as a result of the unlawful eviction. The measure of damages has been liberally extended to include even well established profits of the business during the unexpired term of the lease. It has also been held that punitive or exemplary damages may be recovered, when the facts show wanton or malicious injuries to, or interference with, the lessee's possession and enjoyment of the property: Gallagher v. Burke, 13 Pa. Superior Ct. 244; Tricket on Landlord & Tenant, page 362; Hendler v. Quigley, 38 Pa. Superior Ct. 39, 45.

No wider latitude in the proofs of loss could be allowed in the trial of this case in a court of equity, and no new grounds of recovery could be introduced therein, which would make the equitable remedy more complete and adequate than that which is now afforded the plaintiff by the common law action of trespass. It is the settled policy of the law, under such circumstances, to adopt no method of procedure which would deprive the defendant of his right of trial by jury, which has always been favored by the law. In this case the eviction of the tenant was a fully completed act when suit was brought, and all of its consequences will follow without regard to, and unaffected by, the form of action, or the court in which the issue is tried.

The case does not present a succession of trespasses or a continuing wrongful act of the defendant which would require a multiplicity of suits in a common law court, in applying a remedy for the injuries complained of. The circumstances therefore do not present a case in which irreparable injury would follow to the plaintiff, by refusing him an equitable remedy, and remanding him to the courts of law, for the recovery of his damages.

It is well settled, also, that a mandatory order restoring the plaintiff to possession, will not issue after a completed eviction like this, where it is apparent that the proceeding is merely an ejectment bill, which could not be sustained in a court of equity: Fredericks et al. v. Huber et al., 180 Pa. 572.

We are, therefore, of the opinion that the plaintiff should have brought his action at law, instead of filing this bill in equity, and under the provisions of the Act of June 7, 1907, P. L. 440, this case should be certified into the common law side of the court, at the plaintiff's cost.

A proper decree to that end will be signed by the court upon presentation by the defendant's counsel.

A decree was entered accordingly and defendant appealed.

*Error assigned* was order certifying the case to the law side of the court.

*John A. Hoober,* for appellant.—Appellant had no adequate remedy at law: Howard v. Stillwell Co., 139 U. S. 199; Pennypacker v. Jones, 106 Pa. 237; Kirkpatrick v. McDonald, 11 Pa. 387; Wilkinson v. Colley, 164 Pa. 35; Warner v. McMullin, 131 Pa. 370.

Forfeitures are to be strictly construed, and are not self-operating: Westmoreland, etc., N. Gas Co. v. DeWitt, 130 Pa. 235.

The common law requires that demand must be made the day the rent falls due: Henderson v. Carbondale Coal & C. Co., 140 U. S. 25; Print v. Roley, 15 Wallace (U. S.) 471; Lamson v. Bowland, 144 Fed. 639.

Equity will relieve against forfeiture under circumstances where it would be inequitable, and where full compensation can be made for a tenant's default by payment of rent, costs and damages: Cogley v. Browne, 15 Phila. 162; The Times Co. v. Siebrecht, 15 Phila. 235.

*Frederick B. Gerber* and *W. F. Bay Stewart,* for appellee, were not heard.

PER CURIAM, June 21, 1919:

This appeal is dismissed, at the costs of the appellant, on the opinion of the learned court below certifying the cause to the law side of the court.