## Beale Case.

Argued April 20, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

B. D. *Oliensis*, with him *Jacob K. Miller* and *Levi, Mandel & Miller*, for appellant.

*Peter F. Hagan*, for appellee.

OPINION BY MR. JUSTICE HUGHES, June 30, 1944:

In the *Ward Estate*, 350 Pa. 144, 38 A. 2d 50, the decree of the Orphans' Court of Montgomery County set aside $1000.00 in the hands of the accountant and provided: "If the parties will stipulate, and if the Common Pleas Court of Philadelphia will direct the acceptance by Leidner of the sum of One Thousand Dollars ($1,000.) in settlement of all controversies between the parties, this Court of course will join in the arrangement." Subsequent to the entry of that decree the Court of Common Pleas No. 7 of Philadelphia County entered a final decree in these proceedings, granting the prayer of Milton S. Leidner, Guardian of the Estate of Josephine Ward Beale, a weak-minded person, and authorized and empowered him to settle and compromise the surcharge claim he had asserted in the Orphans' Court of Montgomery County against the estate of Anna Alexander, deceased, in accordance with a stipulation entered into between the Guardian and David L. Ward, Administrator c. t. a. of the Estate of Anna Alexander, deceased.

150

Channing Wegefarth, Jr., a son of Josephine Ward Beale, intervened and brought this appeal, claiming it was not proper for the Court of Common Pleas No. 7 of Philadelphia County to approve, over his objection, the guardian's compromise, because a large amount was properly due the estate of Josephine Ward Beale on a surcharge against her trustee for dereliction in her fiduciary duties. In the Estate of David L. Ward, deceased, (supra) we found no dereliction of duty on the part of the trustee in question and affirmed the allowance of commissions and counsel fees, to which the intervenor had objected. After carefully analyzing the claims of the exceptant and the amount of the compromise, the learned judge of the court below, CRUMLISH, J., states: "After careful consideration of the material facts of the petition before us, none of which are disputed in the said answer of Channing Wegefarth, except inferentially by conclusion, the court is of the opinion that it would be to the best interest of the incompetent to approve the prayer of the guardian's petition praying for leave to compromise the surcharge claim which he has asserted . . ."

The guardian had placed himself under the direction of counsel, and the guardian, in entering the stipulation to compromise, acted in the best of faith. He submitted his proposal to compromise to the scrutiny of the judges of the Court of Common Pleas and sought their judgment and approval. The preservation of an estate from loss should be the primary thought and care of our courts, and that they adequately protected this estate is apparent in view of our decision in the *Estate of David L. Ward, Deceased,* (supra). See *Riebel's Estate,* 321 Pa. 145, 153, 184 A. 118. The guardian of this weak-minded ward, acting for the court appointing him, submitted his proposed compromise to that court and received its approval, and on review we find nothing of which the intervenor appellant can or should complain.

Judgment affirmed; costs to be paid by the intervenor, appellant.