Carelli *v.* Lyter, Appellant.

544

Argued May 25, 1967. Before BELL, C. J., MUS-MANNO, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused August 2, 1968.

*John J. Krafsig, Jr.,* for appellant.

*Richard D. Walker,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1968:

Appellees commenced an action in equity seeking to enjoin appellant from trespassing upon and interfer-

ing with appellees' use of their land. The chancellor made an adjudication and entered a decree nisi granting the relief prayed for in the complaint. This appeal followed the dismissal of appellant's exceptions and the entry of a final decree in accordance with the decree nisi. At oral argument, this court requested counsel to file supplemental briefs on the issue of the propriety of proceeding in equity.

We agree with the appellant that "the kernel of the controversy is the legal title to land", and thus equity is an improper form of action. The proper proceeding to try title to land is an action of ejectment at law, rather than an injunctive proceeding in equity. Although the form of plaintiffs-appellees' complaint indicates that the instant case is a suit to enjoin a continuing trespass, the record reveals that such is not the situation.

Attached to both the complaint and the answer, as exhibits, are deeds into the respective parties. Defendant's answer, paragraph 3, puts in issue the question of title to the tract over which the alleged trespass occurred. Further, defendant in her answer requests the court to enjoin the plaintiffs from trespassing on the same tract of land. Moreover, the chancellor himself treated the action as one to try title, tracing in his findings the chain of title of each of the parties, and holding in his conclusions of law (2) that the plaintiffs are the owners of the tracts of land at issue.

There is no doubt in our mind that this is an action to try title to land, which should properly be heard at law.

However, we hold that once the chancellor has adjudicated the case on the merits, any objection to the propriety of a case being heard in equity comes too late. Pa. R. C. P. 1509(c) provides: "The objection of the existence of a full, complete and adequate non-

statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the Court. *If not so pleaded, the objection is waived."* (Emphasis ours). The procedure outlined in the Rule had been followed since long before the adoption of the Rule. In *Penna. Railroad Co. v. Bogert,* 209 Pa. 589, 602, 59 A. 100 (1904), this Court stated: "While objection to the jurisdiction can, generally, be made at any stage of the proceedings, objections to the jurisdiction of equity on the ground that the proceedings should have been instituted on the law side of the court, will not be entertained, unless made within a reasonable time after bill filed."

The *Bogert* case recognized that there is a difference between jurisdiction (subject matter) and what it termed "jurisdiction of equity". It is unfortunate that *Bogert* and many other cases have used the term "jurisdiction" when referring to the propriety of a case being heard by a court of equity. "The test of jurisdiction is the competency of the court to determine controversies of the general class involved, and whether the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case." E.g., *Drummond v. Drummond,* 402 Pa. 534, 538, 167 A. 2d 287 (1961); *Witney v. Lebanon City,* 369 Pa. 308, 312, 85 A. 2d 106 (1952). Consistent with this test, we held in *Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 209 A. 2d 802 (1965) that the existence of an adequate, non-statutory remedy at law is not a jurisdictional defect. The correct rule is stated in Goodrich-Amram, Standard Pennsylvania Practice, §1509(c)-1, at 68-69 (1954): "The 'existence of a full, complete and adequate non-statutory remedy at law' is not jurisdictional, although it is frequently so termed. Rather, it is an objection directed to the

form of the action." See *Zerbe Twp. Sch. Dist. v. Thomas,* 353 Pa. 162, 167, 44 A. 2d 566 (1945), citing *Bogert,* supra. That the presence of an adequate, non-statutory remedy at law is not a jurisdictional defect is amply demonstrated by the certification procedure of Rule 1509(c). Were the defect jurisdictional, the trial court could not certify the action to the law side of the court but would be compelled to dismiss the action.

We do not mean to imply that, absent a preliminary objection, a court sitting in equity must hear the case where there exists an adequate, non-statutory remedy at law. On the contrary, we agree with the procedure now followed by trial courts as it is outlined in Goodrich-Amram, supra, at page 70: "The language of [1509(c)] provides for an absolute waiver of the objection if it is not pleaded. This could mean that the court in equity would be authorized, by default, to decide cases where only legal rights are involved. The court will, however, usually decline to [hear the case in equity] in such cases, despite the waiver. The court will, sua sponte, rule that the issue should properly be disposed of by an action at law, e.g., an action of ejectment, and will transfer the case to the law side of the court for disposition."

Nor do we mean to imply that the defendant in every case by failure to make a preliminary objection waives his right to assert the existence of an adequate remedy at law. We can imagine cases where a well-pleaded complaint indicates the propriety of proceeding in equity; yet the evidence submitted by the plaintiff discloses only a legal claim. Under these circumstances, it would be unreasonable to expect the defendant to object by preliminary objection that an adequate remedy at law exists. Cf. *Cella v. Davidson,* 304 Pa. 389, 395, 156 A. 99 (1931). To require him to do so would pose grave constitutional problems regarding the

denial of a right to a jury trial. However, there is no doubt that a jury trial can be waived once it has been established that there is an adequate remedy at law.

Failure to object at that stage, and submission of his own case would indeed constitute a waiver of the objection. And since the defect is non-jurisdictional, as we have stated, the reviewing court is not required under Rule 1032(2) to dismiss the action. Such a result is consonant with reason and justice, for no valid purpose is served in allowing the defendant a second chance and further burdening our courts.

We are not unaware that this Court in the past has not always been consistent in its treatment of this problem of an adequate remedy at law. We have not only spoken the language of jurisdiction, but we have treated the matter as one of jurisdiction upon occasion. For instance, *Jones v. Amsel,* 388 Pa. 47, 130 A. 2d 119 (1957), involved a situation where the court en banc reviewing the findings of the chancellor raised the adequate, non-statutory remedy at law objection. We there stated at page 51: "Appellants contend that, since defendants did not raise this issue on preliminary objection, or at all in so far as we have been able to determine, it should be considered as having been waived. This might be true as to a motion made by one of the parties, but the chancellor himself is not thereby relieved of the obligation of determining his own jurisdiction. . . . That is a duty of which a court cannot be relieved simply because of the inaction or ineptitude of the parties." We see no difference between the position of this Court in the instant case and the court en banc in *Jones.* Vacating the decree in either situation gives the plaintiff an undeserved second chance and adds to the burden of the courts. We therefore overrule *Jones v. Amsel* insofar as it requires va-

cation and certification where the case has been fully litigated, and hold here that, in accordance with Rule 1509(c), the objection of an adequate, non-statutory remedy at law has been waived since it was not raised by preliminary objection.

On the merits, the decree of the court below must be affirmed. Appellants make several contentions, none of which impress us. They claim first that the chancellor has rewritten the plaintiffs' deed on the basis of a "forced" survey. In essence, this is a contention that the decree was not supported by the evidence. It is a commonplace that the findings of the chancellor, affirmed by a court en banc, have the weight of a jury verdict and will not be disturbed on appeal if there is evidence to support them. Without detailing the extremely complex exhibits introduced by the parties, suffice it to say that there was evidence from which the chancellor could find that appellees were the owners of the disputed tract, described sufficiently in the adjudication in finding 2.

Nor did the court below commit any error of law. Appellant contends that the court ignored the rule that he who claims under a prior deed from a common grantor must prevail. However, the evidence is that the deeds out from the common grantor to appellees' and appellant's predecessors in title were on the same day, and the record does not reveal which was prior. Nor did the court below ignore the rule that monuments must prevail over courses and distances. Indeed, the very basis of the holding below was that any other result would ignore the position of Stony Creek Road.

Decree affirmed, costs on appellant.

Mr. Chief Justice BELL dissents.

Mr. Justice JONES and Mr. Justice COHEN took no part in the consideration or decision of this case.