Clearview Bowling Center, Inc., Appellant, *v.* Hanover Borough.

Argued May 21, 1968. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Harry C. Elsesser, Jr.,* for appellant.

*Donald E. Albright,* for appellee.

Opinion by Mr. Justice O'Brien, July 1, 1968:

These are appeals from final decrees of the Court of Common Pleas of York County, dismissing two complaints in equity filed by the appellant, Clearview Bowling Center, Inc., against the appellee, Borough of Hanover, York County, Pennsylvania.

Appellee, Borough of Hanover, enacted Ordinance No. 1164, effective for the fiscal year 1963, Ordinance No. 1207, effective for the fiscal year 1964, and Ordinance No. 1254, effective for the fiscal year 1965. Each of said ordinances levied a tax, inter alia, upon the sale of admissions to amusements at the rate of five per cent of the amount charged or paid.

Appellant is a Pennsylvania business corporation which operated bowling lanes in the Borough of Hanover during the period said ordinances were in effect.

Appellant was purportedly liable for the payment of an amusement tax on bowling under these ordinances, and the two equity actions were brought by appellant to restrain the appellee from collecting the amusement tax.

Since the issues in both actions were the same, they were consolidated on appeal.

The only real issue is whether the instant case can be distinguished from the recent case of *Swatara Twp. v. Auto. Bowling Center, Inc.*, 419 Pa. 482, 214 A. 2d 725 (1965).[1] The court below held that it could not, and we agree. In *Swatara*, we held that the ordinance therein involved was not in violation of the "Tax Anything Act", Act of June 25, 1947, P. L. 1145, as amended, 53 P.S. §6851, et seq. That Act prohibits local municipalities from imposing any tax upon, inter alia, personal property that is subject to state taxation. Appellants in *Swatara*, as do appellants here, contended that the tax imposed upon the sale of bowling admissions was actually a tax upon the privilege of employing the personal property, i.e., the bowling equipment, that was subject to state taxation. We rejected that argument, holding that the stated burden of the ordinances was upon the patron rather than upon the bowling concern.

The same is true of the instant situation.[2] Appel-

---

[1] There is no question of the propriety of this case being heard in equity. Equity is a permissible forum, but not because of a constitutional challenge to a taxing statute as in *Lynch v. Roberts School District*, 430 Pa. 461, 244 A. 2d 1 (1968), for the constitutional challenges in plaintiff's complaint were abandoned. However, assuming arguendo the existence here of an adequate, nonstatutory remedy at law, any objection to the propriety of equity was waived by failure to make timely objection once the abandonment of the constitutional challenges became clear. *Carelli v. Lyter*, 430 Pa. 543, 244 A. 2d 6 (1968) ; *Universal Builders, Inc. v. Moon Motor Lodge, Inc.*, 430 Pa. 550, 244 A. 2d 10 (1968).

[2] The instant ordinance for 1965 reads, in relevant part, as follows: "Section 4. Except as otherwise provided in Section 2 hereof, there is hereby assessed, levied and imposed for the fiscal year 1965 for the general borough purposes a tax upon the sale of admissions to any amusement within The Borough of Hanover at the rate of five percentum (5 per cent) of the amount

lant makes much of the duties imposed upon the proprietor. Yet very similar duties were imposed on the proprietor in *Swatara,* and we held that such duties were "consistent with a construction which views the one conducting an amusement as the collector of the tax and not the intended or true taxpayer." The minor variations between the language of the *Swatara* ordinances and that of the instant ordinances cannot serve as the basis for a distinction between the two situations. Language referring to the proprietor "paying" the tax is certainly consistent with the view of the proprietor as the collector, transmitting or paying over the tax to the municipality. Although it is true that taxing statutes are to be strictly construed against the taxing authority, Act of May 28, 1937, P. L. 1019, §58, 46 P.S. §558, it is also true that the polestar for construction of a statute (or ordinance) is the intention of the legislative body, Act of May 28, 1937, P. L. 1019, §51, 46 P.S. §551. When the words are not explicit, it behooves the interpreter to consider the purpose of the law. Surely the Board of Commissioners is presumed to intend an ordinance that is valid, rather than one that is invalid.[3] We therefore hold that

charged or paid . . . Section 6. Every person paying a tax upon any of the provisions of this Ordinance shall, at the time of such payment, transmit a report, under oath or affirmation, to the Borough Secretary setting forth the number of admissions . . . and that such statement is a true, full and complete statement of all admissions . . . upon which a tax is, at the time of such payment, payable by such person, under the provisions of this Ordinance. Section 7. The Borough Secretary and/or any Borough employee designated by the Borough Secretary shall have access to the records and premises of each person subject to a tax imposed under any of the provisions of this Ordinance, at any reasonable time or times for ascertaining the number of admissions received . . ."

[3] This intention must be discovered from the ordinance itself, with the guidance of the rules of statutory construction. Appellant seeks to impale appellee upon an earlier pleading, in which appellee

the instant ordinances, like those in *Swatara,* place the burden of the tax on the patron, not the proprietor, and affirm the decrees of the court below.

Costs on appellants.

Mr. Justice COHEN concurs in the result.

---

asserted that the burden was upon the proprietor. As the court below pointed out, the effect of an ordinance "is a subject of interpretation for the court, not for interpretation by someone preparing or filing the pleading."