## Wallace v. Aldens, Inc.

*Bernard M. Gross* and *Warren Rubin,* of *Gross & Sklar, P.C.,* for plaintiff.

*Irving Segal,* and *Gerard J. St. John* of *Schnader, Harrison, Segal & Lewis,* for defendant.

GREENBERG, *J.,* April 3, 1979—Presently before the court is plaintiff's motion for class certification and defendant's motions for summary judgment and to strike plaintiff's amended answer and affidavit.

Plaintiff, Leonard Wallace, has sought to have the present action proceed as a class action on behalf of all persons who had mailing addresses in Philadelphia and purchased goods from defendant, Aldens, Inc., from August 29, 1969, until December 31, 1975, and were charged an interest rate which exceeded the statutory amount of 15 percent allowed under the Pennsylvania Goods and Services Installment Sales Act of October 28, 1966, P.L. 55, 69 P.S. §1101 et seq. (Installment Sales Act).

## HISTORY

In October, 1974, plaintiff applied for a credit charge account with Aldens. The charge account provided for a "finance charge" of 21 percent annually where the "average daily balance" is $350 or less. After acceptance of plaintiff's application by Aldens, Mr. Wallace proceeded to purchase certain personal items for his own use for a total of $74.89. As a result of plaintiff's purchases, he was charged an interest rate of 21 percent annually.

Plaintiff contends that during the period April 1, 1967, to December 31, 1975, defendant has been charging an interest rate in excess of 15 percent. Plaintiff makes these allegations based upon the

decision of the United States Court of Appeals in Aldens, Inc. v. Packel, 524 F. 2d 38, 41 (3d Cir. 1975), cert. den. 425 U.S. 943 (1976), in which the court stated: "Aldens' credit agreement, which is used nationwide, provides for a monthly service charge of 1.75% on balances of $350.00 or less, which is an annual percentage rate of 21%, and for a monthly service charge of 1% (12% annually) on that portion of the balance which exceeds $350.00 . . . [The credit agreement] does not comply with [the] Pennsylvania [Goods and Services Installment Sales Act]."

Plaintiff, on his own behalf and on behalf of all those similarly situated, now seeks to recover the overcharge to which they allege they are entitled.

• • •

## SUMMARY JUDGMENT PURSUANT TO PA.R.C.P. 1035(a); MOTION TO STRIKE AMENDED ANSWER AND AFFIDAVIT

Defendant moves this court to enter summary judgment on the basis that defendant has tendered the alleged amount due plaintiff under the Goods and Services Installment Sales Act of October 28, 1966, (Spec. Sess.) P.L. 55, art. X, 69 P.S. §2001, which provides:

"Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a contract or installment account subject to the provisions of this act regardless of whether such action is instituted by the seller, holder or buyer. Where the defendant alleges in his answer that he tendered to the plaintiff the full amount to which he was entitled, and thereupon deposits in court, for

the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be a prevailing party within the meaning of this article."

While it is admitted by plaintiff that defendant deposited in the court the amount which defendant claims was due plaintiff, plaintiff denies that the amount deposited is the actual amount due under the Installment Sales Act. More importantly, plaintiff argues that under the factual circumstances of the present action 69 P.S. §2001 does not apply.

Factually, defendant deposited the money with the court *after* the present action was instituted. This is important because the purpose of 69 P.S. §2001 was "limited to those factual situations where the seller . . . tendered the amount prior to the institution of any litigation by the buyer. . . ." See affidavit of Hon. C.L. Schmitt, the principal sponsor of the Installment Sales Act, exhibit "E" to plaintiff's memorandum of law in opposition to defendant's motion for summary judgment.* To apply any other rationale to 69 P.S. §2001, in the present factual circumstances, would make defendant the "prevailing party" and plaintiff would be liable for

---

*The court considers Representative Schmitt's affidavit an important aid in helping the court to resolve the issues before it, and accordingly, will deny defendant's motion to strike the affidavit. See 1 Pa.C.S.A. §1921(b); Clearview Bowling Center v. Hanover Borough, 430 Pa. 579, 244 A. 2d 20 (1968); Appeal of Neshaminy Auto Villa Ltd., 25 Pa. Commonwealth Ct. 129, 358 A. 2d 433 (1976). Based on the foregoing, to deny plaintiff the right to amend the answer to defendant's new matter would not serve the purpose of justice. No prejudice to defendant would result in allowing the amended answer since the case has proceeded only on the class action issues. No merit discovery has taken place to date.

attorney's fees and costs notwithstanding the fact that plaintiff was allegedly in the right. This is not only contrary to Representative Schmitt's affidavit, but flies in the face of common sense and would create an absurd result: Schaefer v. Hilton, 473 Pa. 237, 373 A. 2d 1350 (1977).

Accordingly, we deny defendant's motion for summary judgment and motion to strike amended answer and affidavit.

## ORDER

And now, April 3, 1979, defendant's motions for summary judgment and to strike plaintiff's amended answer and affidavit of C.L. Schmitt is denied.