## Commonwealth v. Kitchen Appliances Distributors, Inc. (No. 1)

*W. Edwin Jackson,* for plaintiff.
*David J. Flower,* for defendant.

COFFROTH, P.J., June 22, 1981 — This case is here on defendant's preliminary objections to plaintiff's amended complaint demurring to Count III thereof as improperly claiming punitive damages, and moving to strike the same as failing to allege the acts required to support punitive damages.

The complaint contains three counts. Count I is in equity for injunctive relief against defendant, plaintiff's lessor, for alleged wrongful denial "without cause or justification" of "access and possession of the leased office space", the subject of a written lease between them, in order thereby to regain access and possession; Count I also claims costs and reasonable counsel fees. Count II incorporates the

averments of Count I and claims specific money damages as the result of the "wrongful acts of the defendant"; the damages claimed consist of rental paid for use of other premises during the exclusion from the leased premises, and wages paid to plaintiff's employees during the exclusion while they were unable to work. Count III incorporates the averments of the first two counts, further alleges that defendant's actions in denying plaintiff access and possession of the leased premises were "wilful and malicious" and that defendant "knew that its actions would cause harm to plaintiff", and that defendant is therefore liable for punitive damages.

The caption of the amended complaint describes the action as: "Civil Action-Equity and Assumpsit", thus placing Counts II and III in assumpsit. Civil Rule 1018 provides inter alia that: "The caption of a complaint shall set forth the form of the action . . ." See Jacobs v. Brooks (No. 2), 30 Somerset L. J. 130 (1973). The original complaint labeled Count I as being in equity but did not otherwise label Counts II and III with any form of action.

The original complaint was filed February 5, 1981, together with a petition for a preliminary injunction; after a hearing on the same date, a temporary injunction was granted restoring plaintiff to the leased premises pending the litigation. Plaintiff then filed the present amended complaint to which defendant filed the pending preliminary objections.

*Demurrer:*

It is well settled that punitive damages may be recovered in tort but not in contract. WW Coal Company v. Pennsylvania National Mutual Casualty Insurance Company, 30 Somerset L. J. 69, 75 D.&C.2d 621 (1975); Pile v. Nationwide Mutual Insurance Company, 36 Somerset L. J. 34, 11 D.&C.3d 399 (1978); Berkebile v. Nationwide In-

surance Company, 34 Somerset L. J. 322, 6 D.&C.3d 243 (1977); Weigle 'v. Motors Insurance Corp., 39 Somerset L. J. 109, 113, 19 D.&C.3d 449 (1980); Gary v. Masterson, 38 Somerset L. J. 347, 383 (1979); Spickler v. Lombardo, 32 Somerset L. J. 16 (1976); Gurnick v. Government Employees Insurance Company, 278 Pa. Super. 437, 420. A.2d 620 (1980); Smith v. Harleysville, 275 Pa. Super. 246, 418 A.2d 705, 706 (1980).

At the argument, counsel for plaintiff contended that the basis of the action is the tort of wrongful eviction which may carry with it liability for punitive damages. An eviction is any unlawful act by a landlord which deprives a tenant of the beneficial enjoyment of premises to which he is entitled under the lease. PLE, Landlord and Tenant §281; Kelly v. Miller, 249 Pa. 314 (1915); Weighley v. Muller, 51 Pa. Super. 125 (1912), appeal from this court; compare Restatement 2d, Property, Landlord and Tenant §6.1 (landlord's conduct which interferes with permissible use). Absent clear contrary provisions, every lease necessarily carries with it a covenant of quiet enjoyment of the leased property; if there is no such express covenant, one will be implied; breach thereof is an eviction. Pollock v. Morrelli, 245 Pa. Super. 388, 392 (1976); PLE Landlord and Tenant §214. For such breach, the tenant may sue in assumpsit for damages for breach of contract. Stoll v. Andreadis, 60 D.&C. 577 (1947). The breach is also a tort giving the tenant an alternative cause of action for damages in an action of trespass. Minnich v. Kauffman, 265 Pa. 321 (1919); Schienle v. Eckels, 227 Pa. 305 (1910); PLE, Landlord and Tenant §215. The tenant may also be entitled to equitable relief. Restatement 2d, Property, Landlord and Tenant §6.1 (2).

Under modern procedures, these alternative claims in assumpsit and trespass for wrongful evic-

tion under a lease may be joined as alternatives in separate counts of the complaint, and no election between them prior to verdict is required. See Gary v. Masterson, supra, 385. If an assumpsit action on the contract is brought, the general rule prohibiting punitive damages on that claim is applicable; but if a trespass action for wrongful eviction is brought, punitive damages are permissible in that cause of action when the facts justify them. Minnich v. Kauffman, supra, 323; Beck v. Gold, 68 D.&C. 141 (1949); Carnelier v. Buckley-Masison, Inc., 513 F2d 407 (CA D.C., 1975); Stern's Trickett Landlord & Tenant (3d Edition, Bisel, 1973) §321 page 354; PLE, Landlord & Tenant §285 page 64; compare Restatement (Second) Property, Landlord & Tenant §10.2 Reporter's Note 12. That is consistent with our cases to the effect that punitive damages may be recovered in trespass even though the same operative facts give rise to alternative assumpsit and trespass causes of action. WW Coal Company v. Pennsylvania National Mutual Casualty Insurance Company, and Pile v. Nationwide Mutual Insurance Company, both supra.

Obviously, as plaintiff's pleadings now stand, asserting a punitive damage claim in an assumpsit action is improper. Of course, plaintiff could amend its amended complaint to change the form of action of Count III from assumpsit to trespass, Jacobs v. Brooks (No. 2) supra, or add a trespass count to which the punitive damage claim may attach; but that procedure may not be appropriate or essential here because of the inclusion of the equity cause of action, as next discussed.

*Joinder of Equitable and Legal Claims:*

Although defendant has not challenged the propriety of joining assumpsit (or trespass) claims with the cause of action in equity, that joinder question is

relevant to disposition of plaintiff's punitive damage claim which we have seen is a permissible incident of a tort claim only.

As a general rule two or more contract and/or tort causes of action may be stated in a single complaint in an action at law when: (1) all are "triable in the same county . . . [and] arise from contract or are quasi-contractual" as provided in Civil Rule 1020(a), (2) all are in trespass and are "triable in the same county . . . [and] arise from the same transaction or occurrence or series of transactions or occurrences" as provided in Civil Rule 1044(a), and (3) all are in assumpsit and trespass and arise from "a transaction or occurrence or a series of transactions or occurrences" as provided in Civil Rule 1020(d)(1). Civil Rule 1508 governs joinder of causes of action in an equity action, as follows: "The plaintiff may state in his [equity] complaint two or more causes of action cognizable in equity."[1] Consequently there is no authority in the rules for joining in a single complaint an equity cause of action with a legal cause of action such as assumpsit or trespass, as has been done in this case.

Where, however, the action is in equity and seeks both equitable relief and legal relief (for which an action at law is an adequate remedy), the court will adjudicate all such claims in the equity action in order to do complete justice and avoid piecemeal litigation. Under those circumstances, the court in an

---

1. The following official note is appended to Civil Rule 1508:

"Note: If more than one cause of action is asserted by or against two or more plaintiffs or defendants, the causes of action must arise from the same transaction, occurrence, or series of transactions or occurrences and a common question of law or fact affecting the rights or liabilities of all the parties must arise in the action . Rule 2229(a),(b)."

equity action may award damages for tort or breach of contract. Wortex Mills Inc. v. Textile Workers Union, 380 Pa. 3, 11 109 A.2d 709, (1954). Since punitive damages are a permissible incident of a cause of action in tort in certain cases, it follows that such damages may be awarded in equity when the essential facts are established.[2]

Some courts have held that punitive damages cannot be awarded in equity on the principle that equity will refuse to aid in the enforcement of penalties and forfeitures, while other courts take a more flexible view if the equities warrant. See: CJS, Equity §57; 48 ALR2d 932, 948 (1956). In the latter annotation, Pennsylvania is listed among those jurisdictions prohibiting punitive damages in equity, citing: Wortex supra, Jones v. Aronson, 45 Pa. Super. 148 (1911) and Peoples National Bank v. Kern, 8 District 72, affirmed 193 Pa. 59 (1899). But those cases do not support the text; on the contrary, we conclude that equity may award punitive damages in Pennsylvania where the essentials for such an award are established and doing so is compatible with equitable principles.

There is nothing in Wortex which mentions punitive or exemplary damages; on the contrary, its opinion stresses the importance of the policy requiring a litigant once in equity to have to go elsewhere to obtain his legal rights: "Equity has jurisdiction to do complete justice between the parties and, inter alia, award damages for tort (or for breach of contract), as well as grant equitable relief " (Wortex 11, emphasis in original); ". . . equity will itself proceed to round out the whole circle of controversy, by deciding every other contention connected with the subject matter of the suit, including the amount of damages to which plaintiff is entitled because of in-

2 See Appendix to this opinion.

juries theretore sustained" (Wortex 13 quoting from Philadelphia Gas Works v. Philadelphia, 331 Pa. 321, 359 (1938), emphasis partly in original); "Equity in these circumstances, is competent to dispose of the entire controversy to prevent unnecessary litigation: [citations omitted]" (Wortex 13, quoting from Massachusetts Bonding Company v. Johnston and Harder Inc., 330 Pa. 336, 339 (1938) (Emphasis added.) Those assertions are consistent with the equally all-encompassing language of later cases; in Moyerman v. Glanzberg, 391 Pa. 387, 391 138 A.2d 681, (1958), the court said that ". . . equity having once assumed jurisdiction in the injunction action, should determine all questions arising under the pleadings" (emphasis added); in Arcadia v. Sablosky, 418 Pa. 34, 49 209 A.2d 375, (1964), the principle is stated thus: "It is well recognized that when equity takes jurisdiction, it will resolve the entire litigation" (emphasis added); in Trimble v. Franchise Corporation, 445 Pa. 333, 341 285 A.2d 113, (1971), it is stated that ". . . a court of equity should hear the entire controversy in order to do complete justice and avoid piecemeal litigation" (emphasis added); in McGovern v. Spears, 463 Pa. 269, 272 344 A.2d 826, (1975) it is stated that jurisdiction in equity "continues until all issues raised have been determined" (Emphasis added.) See also Consolidation Coal Co. v. Kohan et al, 34 Somerset L. J. 398 (1978).

Were we to hold that plaintiff here could not recover punitive damages normally incident to the tort of wrongful eviction no matter how substantially deserved, merely because the court sits in equity, we would have to conclude that the punitive damage claim must be certified to the law side of the court for trial, an absurd result see White v. Young, 409 Pa. 562, 566 186 A.2d 919, (1963), or that by going into equity plaintiff forfeits the right to punitive

damages, an inequitable result. As we said in Spickler v. Lombardo. (No. 2), 33 Somerset L. J. 340, 342 (1977),

". . . reflection confirms the soundness of the principle that tortious wrongdoing, if serious enough to be regarded as outrageous, is not adequately redressed by compensatory damages only."

While we have no clear ruling in Pennsylvania on the recoverability of punitive damages in equity, the cases we have are at least consistent with our conclusion. In Peoples National Bank v. Kern, supra, an equity action for an accounting based on allegations of fraud, the bill was dismissed; in the course of the trial court's opinion this dictum appears (193 Pa. at 63): "Decrees in equity, even when based on frauds and conspiracies, are given for amounts out of which the injured parties are defrauded, and not for punitive damages, fines or penalties." Emphasis added. But it is a mistake to construe that as meaning that equity is powerless to award punitive damages in a proper case of outrageous conduct; rather, the assertion is more consistent with the proposition that the fraud in the case did not warrant punitive damages. The correctness of the latter conclusion is confirmed in Golumb v. Korus, 261 Pa. Super. 344, 348 ____ A.2d____, (1978) which cites Kern for the proposition that: "Fraud, alone, is insufficient to satisfy the rule" [that punitive damages must be based on " 'malice, vindictiveness and wanton disregard' " that is "wholly reckless of another's right"]; we reached essentially the same conclusion in Weigle v. Motors Insurance Corporation, supra, 126.

In short, in Pennsylvania there is no absolute bar to imposition of penalties and forfeitures in equity; a court of equity may in its discretion grant or withhold such relief as is just in the circumstances. See: Thomas v. Waters, 350 Pa. 214, 222 38 A.2d 52, (1944); Harton Estate, 331 Pa. 507, 521 (1938);

Guthrie Estate, 320 Pa. 530, 538 182 Atl. 248, (1936); Myers v. Ohio-Penn, 294 Pa. 212 144 Atl. 93, (1928), forfeiture. This includes the authority to award punitive damages in a proper case.

Returning now to the pleading problem with which the present discussion began, obtaining legal relief in equity does not require separate pleading of equitable and legal causes of action in separate counts; claimant need merely combine in his prayer for relief in the equity cause of action all forms of relief sought. See Metzner v. Soles, 28 Somerset L. J. 261, 262 (1973). But using multiple counts, as plaintiff has done here, is nevertheless acceptable. See: Hess v. M. Aaron and Company, 4 D.&C.3d 153, 162 (1977); Dengel v. Harvey, 4 D.&C.3d 708, 711 (1977). We treat this action as one in equity for injunctive relief against a continuing trespass of wrongful eviction, and for legal relief in the form of compensatory damages arising from breach of contract and/or tortious eviction, and punitive damages for the latter, in effect disregarding the assumpsit label although not formally challenged. Compare Jacobs v. Brooks (No. 2) supra.

Since the equity cause of action includes a properly pleaded cause of action in tort, inclusion of a claim for punitive damages is permissible and the demurrer thereto must be overruled. We next consider defendant's motion to quash the punitive damage claim for insufficient pleading thereof.

Pleading Punitive Damages:

In order to substantiate a claim for punitive damages, it must clearly appear that the conduct of defendant was not merely tortious or wrongful, but that it reached the level of being outrageous. The only averment in plaintiff's amended complaint characterizing defendant's conduct appears in paragraphs 15 and 16 thereof which state that:

"The actions of defendant were wilful and malicious.

Defendant knew that its actions would cause harm to plaintiff."

This is insufficiently specific pleading of the wrongfulness essential to support a punitive damage claim; this pleading is virtually the same as in Nernberg v. Somerset REC, infra, and Weigle v. Motors Insurance Corp., supra, in both of which the punitive damage claims were stricken. In Weigle, we said (125-126):

"In the prior section of this opinion dealing with the sufficiency of averments of bad faith and want of due care, we summarized those averments and concluded that they were a sufficient pleading of those issues. Those same averments are now relied on in count 4 to support punitive damages, and are described there as showing 'a malicious and wanton disregard for the rights of plaintiff'.

"The latter description is, of course, not factual but conclusory. Frick v. McClelland, 384 Pa. 597, 600, 122 A.2d 43, (1956); Nernberg v. Somerset REC, 35 Somerset Legal Journal 111 (1978). While the allegations may support a want of good faith and due care, they do not necessarily support a punitive damage claim which requires outrageous conduct, that is, "acts done with a bad motive or a reckless indifference to the interests of others". W.W. Coal Company v. Pennsylvania National, supra; Restatement 2d Torts §908 and Comment b thereto. Bad faith conduct is not necessarily outrageous conduct. See Gruenberg v. Aetna, supra, 1041-1042. Even fraud is not necessarily outrageous conduct in all circumstances; hardly anyone would regard as outrageous the conduct of a parent who fraudulently obtained food for a starving infant. To be outrageous the conduct must be such a severe departure from prevailing moral values in terms of the evilness of motive or recklessness of the disregard of the victim's right and interests, such an extravagant,

shocking, anti-social and extremely offensive misdoing, as provokes instantly a cry of abhorrence. No such reaction stems from this pleading and the claim for punitive damages must be stricken. Compare: W.W. Coal Company v. Pennsylvania National, supra; Spickler v. Lombardo (No. 1), 32 Somerset L. J. 16, 32 (1976); Vallino v. Columbia, supra, 444; Lane Government Employees Insurance Company, 6 D.&C.3d 51 (1977); Jones v. State Farm, supra, 105.

"Proof of outrageous conduct, like proof of bad faith or fraud, must establish the conclusion by clear, precise and convincing evidence. Cowden v. Aetna, supra, 472. The pleading of such matters must be of equal dignity. Sneiderman v. Kahn, 350 Pa.496, 39 A.2d 612, (1944); Baltzer v. Shanksville-Stonycreek, 27 Somerset L. J. 161, 168 (1972). The higher degree of precision and particularity in pleading is especially essential in a punitive damages claim which opens the door to discovery and proof of defendant's financial ability and condition, which should not be permitted without crystal clear entitlement in the pleading. Spickler v. Lombardo (No. 2), 33 Somerset L. J. 340 (1977)." For the same reasons we must sustain the motion to strike Count III. See also: Smith v. Brown, 283 Pa. Super. 116, 423 A.2d 743 (1980); Spickler v. Lombardo (No. 4), 11 D.&C.3d 627 (1978).

## ORDER

Now, June 22, 1981, defendant's preliminary objections to plaintiff's amended complaint are ruled upon as follows: the demurrer to Count III is overruled, the motion to strike Count III is granted with leave to plaintiff to amend within 20 days consistent with the foregoing opinion.

## APPENDIX

### Note On Propriety of Adjudication in Equity of Legal Causes of Action

The general principle stated in the opinion, that where plaintiff in an equity action seeks both equitable relief and related legal relief (for which an action at law is an adequate remedy), the court will adjudicate all such claims in the equity action in order to do complete justice and avoid piecemeal litigation, is applicable to the instant case where both equitable and related legal relief are clearly proper. Where, however, equitable relief is impermissible, there are some limitations on the power of the equity court to grant legal relief, as discussed in this note.

The following relevant propositions are supported in the authorities:

(1) Most of the cases, particularly older ones, articulate the principle in terms of "equity jurisdiction" — that the equity court may decide all related issues presented, equitable and/or legal, "once equitable jurisdiction has attached" (Gardner v. Allegheny County, 382 Pa. 88, 117, 114 A.2d 491, (1955); Wortex Mills v. Textile Workers Union, 380 Pa. 3, 11, 109 A.2d 815, (1954)), or "once equity properly has jurisdiction" (Green Tree Borough v. Board of Assessments, 459 Pa. 268, 282, 328 A.2d 819, (1974)), or "once equity has assumed jurisdiction" (Ackerman v. North Huntingdon, 437 Pa. 49, 55, 261 A.2d 570, (1970)). Actually there is no such thing as "equity jurisdiction" in Pennsylvania, which has never had separate equity courts; there are, however, jurisdiction-like restrictions upon the exercise of equitable powers and procedures in the equity form of action in the equity side of the common pleas court. In general, see: West Homestead v. Allegheny County, 440 Pa. 113, 117, 269 A.2d

904, (1970); Carelli v. Lyter, 430 Pa. 543, 546, 244 A.2d 6, (1968); Hellertown Borough Referendum Case, 354 Pa. 255, 259, 47 A.2d 273, (1946); Esposita v. Peden, 35 Somerset L. J. 400, 9 D.&C.3d 71, 29 Fiduciary Reporter 123 (1978) at note [3]; Commonwealth v. Penner et al, 34 Somerset L. J. 364, 371, 5 D.&C.3d 499 (1977) at Editor's Note; Restatement of Judgments §§4 (d) and 8.

(2) If the common pleas court has general jurisdiction over the subject matter of the action, in any "side" of the court, the indispensable condition for admission to the equity side is that remedies available elsewhere (that is, at law) are inadequate (that is: not as certain, prompt and efficient as the equitable remedy, Gaumer and Durst v. Fiscus and Durst, 38 Somerset L. J. 140, 146 (1980)), except that equity may act in cases of fraud whether or not there is another adequate remedy Fetterolf v. King Coal Company, et al (No. 2), 41 Somerset L. J. 337 (1980). In general, see PLE, Equity §15.

(3) In evaluating adequacy of other remedies, it is essential to distinguish between other non-statutory remedies and other statutory remedies. The essential difference is that equity may proceed to adjudicate legal causes of action which are non-statutory, even though there is an adequate legal remedy elsewhere, if the defendant waives the objection of remedial adequacy; but, ordinarily if the other remedy is statutory it is a mandatory unwaivable bar to proceedings in equity. See: Rupel v. Bluestein, 280 Pa. Super. 65, 421 A.2d 406 (1980); Goodrich Amram 2d §§1509(b):1, 1509(c):1 and 1509(c)2.[1] This difference in treat-

---

[1] There are some exceptions to the rule that equity may not adjudicate a statutory cause of action which provides its own remedy, as listed in Kimmel v. County Commissioners, 29 Somerset L. J. 408, 418 note [2] (1974).

ment of statutory remedies and non-statutory remedies is incorporated into Civil Rule 1509 which provides as follows:

"Rule 1509   Preliminary Objections

(a) Preliminary objections authorized by Rule 1017 (b) are available to any party.

(b) The objections of laches and failure to exercise or exhaust a statutory remedy may be raised by preliminary objection, answer or reply but are not waived if not pleaded.

(c) The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court. If not so pleaded, the objection is waived." Emphasis added.

(4) Although Civil Rule 1509(c) supra mandates waiver when no preliminary objection is filed raising the issue of adequacy of legal remedy, case law makes it clear that the rule applies only when the existence of the objection appears on the face of the complaint; if not so apparent, the objection may be made later when the issue becomes apparent and waiver will result only if objection is not then timely made. See Carelli v. Lyter, supra; Universal Builders v. Moon Motor Lodge, 430 Pa. 550, 556, 244 A.2d 10, footnote (1968); Clearview v. Hanover, 430 Pa. 579, 581 note 1, 244 A.2d 20, (1968); Shillito v. Shillito, 160 Pa. 167, 171 (1894); Drake v. Lacoe, 157 Pa. 17, 39-40, 27 Atl. 538, (1893); Adams Appeal, 113 Pa. 449, 6 Atl. 100, (1886); King v. Clark, 183 Pa. Super. 190, 194, 130 A.2d 245, (1957). Compare: Lenhart v. Rupp and Fleeger (No. 2), 34 Somerset L. J. 42 (1977) and McDannell v. Mauger, 32 Somerset L. J. 225 (1975), in which preliminary objections in an equity action alleging existence of an adequate remedy at law were held premature, and Gaumer and Durst v. Fiscus and Durst, supra,

in which such preliminary objections were sustained and the case was certified to law as an action to quiet title; see also Fetterolf et al v. King Coal Company, (No. 2), supra, in which an ejectment action and an equity action were consolidated for trial.[2]

(5) Consequently, the equity court may adjudicate legal causes of action when: (a) there is a valid cause of action for equitable relief and the legal claim is related thereto, or (b) there is no valid cause of action for equitable relief because of the existence of an adequate non-statutory remedy at law, that infirmity has been waived, and the court declines to interfere sua sponte. From this it follows that in cases under (b) supra, the result may be that the equity court ends up adjudicating legal causes of action only. See: Ackerman v. North Huntingdon, supra, Stryjewski v. Local Union, 451 Pa. 550, ____A.2d____, (1973); Carelli v. Lyter, supra; compare Cella v. Davidson, 304 Pa. 389, 156 Atl. 99, (1931).[3]

## End of Appendix

---

[2] The court may raise the issue of legal remedy adequacy on its own motion. Myshko v. Galanti, 453 Pa. 412, 309 A.2d 729, (1973); Easton Theaters v. Wells Fargo, 265 Pa. Super. 334, 401 A.2d 1333, (1979); Goodrich Amram 2d §1509(c):2.

[3] The right to trial by jury in actions at law is also waived unless timely objection to the equity proceeding is made on the ground of an adequate remedy at law. As stated in 10 Anderson, Pennsylvania Civil Practice (West, 1979) §1509.111, ·waiver of the objection of an adequate non-statutory remedy at law is a waiver "also of the right to a jury trial which the party may have if the action were certified to the law side and there tried in accordance with the law practice." See also: Carelli v. Lyter, supra, 547-8; Universal Builders v. Moon Motor Lodge, supra, 556 footnote; NCAA v. ABA, 67 D.&C.2d 552 (1974).