J-A09044-20

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| ST. JAMES BAPTIST CHURCH OF FITZ HENRY, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BETHANY BAPTIST CHURCH OF SMITHTON, | : | |
| | : | |
| Appellee | : | No. 1563 WDA 2019 |

Appeal from the Judgment Entered November 12, 2019
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 4406 of 2011

BEFORE: SHOGAN, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: FILED JUNE 23, 2020

Plaintiff, St. James Baptist Church of Fitz Henry (St. James), appeals from the judgment entered on November 12, 2019, in favor of defendant, Bethany Baptist Church of Smithton (Bethany). That judgment denied St. James' claims for a permanent injunction ordering Bethany to convey the 4.14-acre tract of land containing the subject church building (Property) back to St. James and for back rent.

The trial court summarized the facts of the case as follows.

It is undisputed that the [] Property was conveyed from the Pittsburgh Consolidation Coal Company to the [t]rustees for St. James [] on October 3, 1947. ... A document dated September 23, 1982[,] references an agreement by Union

_____

* Retired Senior Judge assigned to the Superior Court.

Sunday School [(predecessor to Bethany)] to contribute [$100] per month to St. James [] in exchange for use of the church's facilities, with the monies to be used for renovation and expansion of the church [located on the Property].[1] A deed dated October 21, 2009[,] was executed, transferring the [] Property from Bethany [] as successor to St. James [] to Bethany [].[2]...

Testimony was provided at trial first by John Harris. Harris testified that he has been a trustee of St. James [] for over [50] years. He explained that St. James stopped having services [in the church located] on the [] Property between [10] and [20] years ago ... while Bethany [] continues to hold services [in the church located] on the [] Property. Harris denies that the two congregations have merged. [A]nother trustee of St. James ... testified that there was never an approval on the part of the St. James congregation or trustees to transfer the [P]roperty to Bethany. The [trial c]ourt took judicial notice of five additional St. James members who indicated that no authorization was provided for the transfer of the [] Property from St. James to Bethany.

Monica Cantrell, a member of Bethany, also testified at trial. Cantrell testified that Bethany [] is the congregation that was formed from Union Sunday School after the St. James congregation ceased worship on the [] Property, and that Bethany is comprised of members of both [the St. James and Bethany] congregations. Cantrell signed the 2009 deed as president of Bethany. [S]he was never a member or trustee of St. James. She explained the concept of the church building fund, being donations collected for the care and maintenance of the [P]roperty.[3] [She] explained that Bethany members have

---

[1] St. James contends that the agreement constitutes a lease and bases its claim for back rent on Bethany's discontinuation of the monthly payments.

[2] Bethany argues that the 2009 deed was executed to clear the title to the Property to reflect that the St. James congregation had merged with the Bethany congregation, making Bethany the successor to St. James. N.T., 2/19/2019, at 56-58.

[3] The church building fund is part of the disputed September 23, 1982 agreement underlying St. James' claim for back rent. Bethany argues that
(Footnote Continued Next Page)

paid for and physically remodeled the church building [on the Property]. Bethany member Gertrude Copeland also testified to the decline of the St. James congregation until only the Bethany congregation remained on the [] Property at least ten years prior. The [trial c]ourt also took judicial notice of the testimony of four individuals that would have been duplicative of that of Cantrell and Copeland.

Trial Court Opinion, 6/11/2019, at 2-3 (citations and titles omitted).

On July 12, 2011, St. James filed a complaint against Bethany, with an amended complaint filed September 19, 2011, requesting the court order Bethany to re-convey the Property to St. James and to pay St. James $4,450.00 for unpaid rent backdated to when Bethany stopped making monthly payments to St. James on April 5, 2009. St. James' Amended Complaint, 9/19/2011, at 2-3. After a hearing on December 19, 2018, the trial court denied St. James' motion for partial summary judgment on December 21, 2018. A non-jury trial was held on February 19, 2019. On June 11, 2019, the trial court rendered its verdict in favor of Bethany by way of an opinion and order. Trial Court Opinion, 6/11/2019.

On June 25, 2019, St. James filed a post-trial motion.[4] The trial court denied St. James' motion on September 25, 2019.

(Footnote Continued) ───────────────
the monthly payments were voluntary contributions to the building fund, not rent.

[4] Post-trial motions must be filed within ten days after the filing of a nonjury trial verdict. Pa.R.C.P. 227.1(c). However, where the motion was filed while the trial court still had jurisdiction over the matter, the opposing party did not object, and the trial court decided the motion on the merits, we are permitted to ignore the untimeliness of the post-trial motion. See Ferguson
(Footnote Continued Next Page)

St. James filed a premature notice of appeal on October 17, 2019.[5] On November 12, 2019, in response to a rule to show cause order issued by this Court, St. James filed a praecipe for entry of judgment on the verdict, which the trial court entered the same day.[6]

On appeal, St. James claims the trial court erred in denying equitable relief in the form of a permanent injunction ordering Bethany to re-convey the Property to St. James. St. James' Brief at 8. According to St. James, the 2009 deed conveying the Property to Bethany is not valid because Bethany is not a successor to St. James, and, as such, the two representatives of Bethany who signed the deed did not have the authority to convey the Property on behalf of St. James. Id. 12-13. St. James insists that a re-conveyance of the deed is the only relief that would "place the title to the

(Footnote Continued) ————————

v. Morton, 84 A.3d 715, 718 n.4 (Pa. Super. 2013) ("[W]hen untimely post-trial motions are filed within the thirty-day period that the trial court retains jurisdiction over the case, and when the trial court decides those issues without objection by an opposing party, we will treat the subsequent appeal as though the post-trial motions were timely filed for purposes of issue preservation.").

[5] The trial court did not order St. James to file a concise statement pursuant to Pa.R.A.P. 1925(b) and none was filed. In lieu of filing a Pa.R.A.P. 1925(a) opinion, the trial court filed an order on October 22, 2019, directing this Court to its June 11, 2019 and September 25, 2019 opinions and orders. Trial Court Order, 10/22/2019.

[6] "Although an appeal from an order denying post-trial motions is interlocutory, see Pa.R.A.P. 301(a), (c), (d), note; Johnston the Florist [v. Tedco Const.,] 657 A.2d 511, []514 [(Pa. Super. 1995)], where … judgment is subsequently entered, the appeal is 'treated as filed after such entry and on the date thereof.' Pa.R.A.P. 905(a)." K.H. v. J.R., 826 A.2d 863, 871-72 (Pa. 2003).

[] Property back in the name of its rightful owner[, namely, St. James]." Id. at 13. St. James claims that a quiet title action or ejectment action would improperly leave the 2009 deed in effect; thus, St. James avers that it is entitled to equitable relief because it does not have an adequate remedy at law. Id. at 12-14.

Unfortunately, the trial judge and both churches have completely ignored the fact that a separate action in equity was repealed in 2003 (effective July 1, 2004). Wilson v. Parker, ___ A.3d ___, 2020 WL 400240, 4-5 (Pa. Super. 2020). Our rules of civil procedure no longer require trial courts to exalt form over substance by dismissing a case because the complaint was titled with the wrong form of action.

The trial court determined that St. James' "issue in its entirety turns on which party has rightful legal title to the [] Property."[7] Trial Court Opinion, 9/25/2019, at 3. "Where 'the kernel of the controversy is the legal title to land' equitable relief is improper and relief at law should be sought." Id. (quoting Carelli v. Lyter, 244 A.2d 6, 7 (Pa. 1968)). Accordingly, the trial court found that St. James should have pursued a quiet title and if necessary an ejectment action, and thus St. James was not entitled to relief. Trial Court Opinion, 6/11/2019, at 5.

We disagree.

---

[7] While the main issue may be legal title to the property, that is not the only issue. There is a claim for back rent as well.

Judgment vacated, case remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judge Murray joins in this memorandum.

Judge Shogan concurs in the result.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/23/2020