423 A.2d 743

Shirley Bass SMITH, a minor, by her parent and natural guardian, Madeline Bass and Madeline Bass, in her own right, Appellants,

v.

Jeanette BROWN.

Superior Court of Pennsylvania.

Argued June 12, 1979.

Filed Dec. 5, 1980.

Allen L. Feingold, Philadelphia, for appellants.

Brian P. Sullivan, Norristown, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

This appeal is from an Order of the Court of Common Pleas of Montgomery County striking Counts II and III from the appellant's complaint. We affirm the lower court's ruling.

The facts of the case are as follows: On August 27, 1977, the appellant, Shirley Bass Smith, was injured when she was struck by a car operated by the appellee, Jeanette Brown. The appellant was a minor at the time of the accident. The appellant's mother, Madeline Bass, filed a Complaint in Trespass against Ms. Brown in her daughter's name and in her own right.

Count II of that complaint was a demand for punitive damages. The appellant alleged that Ms. Brown drove her car in a "wanton and reckless manner." In paragraph 4 of the complaint, the appellant pleads the following facts in support of that allegation: (a) operation of said vehicle at a high and excessive rate of speed under the circumstances; (b) failure to have said motor vehicle under proper and adequate control; (c) failure to have due regard for the point and position of minor plaintiff who was a pedestrian; (d) violation of the ordinance of Montgomery County and the statutes of the Commonwealth of Pennsylvania; and (e) otherwise failing to exercise due care under the circumstances.

Count III of the complaint was a demand by the mother for compensatory damages for the losses she sustained because of the injuries to her daughter. The mother sought to recover the expenses she incurred in having her daughter's injuries treated and the losses she incurred as a result of being deprived of her daughter's services and income. The appellee filed preliminary objections, in the form of Motions to Strike, to Counts II and III.

---

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

120

After argument on the matter, the lower court granted appellee's Motions to Strike Counts II and III and ordered them stricken from the complaint.

The lower court based its decision upon two findings. First, the appellant failed to "plead any facts that could conceivably support a claim for punitive damages." Second, the mother's claim for damages was barred by section 301 of *The No–Fault Motor Vehicle Insurance Act* of July 19, 1974, P.L.489, No. 176, Section 101 et seq.

It is those two findings that are at issue in this appeal.

The appellant contends that she did plead sufficient facts to justify an award of punitive damages.

■ Pennsylvania is a fact pleading state. *Pa.R.C.P. 1019(a).* A complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. *Baker et al. v. Rangos et al.,* 229 Pa.Super. 333, 324 A.2d 498 (1974).

■ An essential fact needed to support a claim for punitive damages is that the defendant's conduct must have been outrageous. Outrageous conduct is an "act done with a bad motive or with a reckless indifference to the interests of others." *Focht v. Rabada,* 217 Pa.Super. 35, 38, 268 A.2d 157, 159 (1970) citing comment (b) to section 908 of the Restatement of Torts.

"Reckless indifference to the interests of others", or as it is sometimes referred to, "wanton misconduct", means that "the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." *Evans v. Philadelphia Transportation Company,* 418 Pa. 567, 574, 212 A.2d 440, 443 (1965).

■ The allegations of fact plead in paragraph 4 of the complaint in support of the appellant's claim for punitive

damages are insufficient to put Ms. Brown on notice as to what outrageous conduct is being alleged, let alone summarize that conduct. All the appellant has done is plead conclusions, not facts.

Part (a) of paragraph 4 is simply an allegation that Ms. Brown was driving too fast for conditions. Unfortunately, the tendency of most drivers on our roads today is to drive too fast for conditions. Whether or not such conduct is outrageous depends upon the nature of the conditions. Nowhere in her complaint does the appellant indicate what those conditions were.

Part (b) of paragraph 4 alleges that Ms. Brown failed to have her car under proper and adequate control. While that may be the end result of outrageous conduct, it is not outrageous conduct in itself. Why someone lost control of their car is the determining factor in deciding whether there was outrageous conduct. The appellant's pleadings contain no answer to that question.

Part (c) of paragraph 4 alleges that Ms. Brown failed to have due regard for the point and position of the appellant. As with part (b), the key question is why she failed to have due regard. Without the answer to that question, there is no way to determine if Ms. Brown's conduct was outrageous. The appellant provides no answer to that question in her complaint.

Part (d) of paragraph 4 alleges that Ms. Brown violated various county and state traffic laws. Again, whether or not such conduct would be outrageous depends upon what those laws were and the extent to which she violated them. The appellant's complaint contains no answers to either of those questions.

Part (e) of paragraph 4 alleges that Ms. Brown failed to exercise due care under the circumstances. At best, that is an allegation of negligence, not outrageous conduct.

We hold that the appellant failed to plead any facts that indicate that Ms. Brown's conduct was outrageous. Hence, Count II of her complaint violates *Pa.R.C.P. 1019(a)* and the

lower court's decision to strike it was correct under *Pa.R. C.P. 1017(b)(2)*.

■ The appellant also argues that she has plead sufficient facts to support a claim for punitive damages under No—Fault by pleading that the appellee acted in a wanton and reckless manner. In light of the decision in *Teagle v. Hart and Malandra*, 421 A.2d 304 (1980), we find that argument in error. In that case, it held that a pleading of wanton and reckless conduct was not sufficient to support a claim for punitive damages under No—Fault.

■ The appellant contends that the mother's claim for damages is not barred by section 301 of the No—Fault Statute. She argues that the parents or legal guardian of a minor injured in a motor vehicle accident are still permitted to recover the expenses they incurred in having the minor's injuries treated and the losses they sustained in being deprived of the minor's services and income.

This is the first time the court has been confronted with this particular question. After examination of the No—Fault Statute, we find that Ms. Smith's mother's claim is barred by the statute.

Tort liability for injuries arising out of the use of a motor vehicle in Pennsylvania is abolished under the No—Fault Statute except for six specific exceptions. 40 P.S. 1009.-301(a). If Ms. Smith's mother's claim is to be allowed under the No—Fault Statute, it must fit into one of those six exceptions. Those six exceptions are:

1. An owner of a motor vehicle involved in an accident remains liable if, at the time of the accident, the vehicle was not a secured vehicle.

2. A person in the business of designing, manufacturing, repairing, servicing, or otherwise maintaining motor vehicles remains liable for injury arising out of a defect in such motor vehicle which is caused or not corrected by an act of omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

3.  An individual remains liable for intentionally injuring himself or another individual.

4.  A person remains liable for loss which is not compensated because of any limitation in accordance with section 202(a), (b), (c), or (d) of this Act.

5.  A person remains liable for damages for noneconomic detriment if the accident results in: (a) death or serious and permanent injury, or (b) the reasonable value of reasonable and necessary medical and dental services..., is in excess of seven hundred fifty ($750.00) dollars; or (c) medically determinable physical or mental impairment which prevents the victim from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities and which continues for more than sixty consecutive days; or (d) injury which in whole or part consists of cosmetic disfigurement which is permanent, irreparable and severe.

6.  A person remains liable for injury arising out of a motorcycle accident to the extent that such injury is not covered by basic loss benefits payable under this Act, as described in section 103.

The appellant's complaint contains no allegations that Ms. Brown was uninsured at the time of the accident; in the business of designing, manufacturing, repairing, servicing, or otherwise maintaining motor vehicles; intentionally injuring Ms. Smith; or driving a motorcycle at the time of the accident. Ms. Smith's mother's claim, therefore, would not qualify as an exception to the abolition of Tort liability under exceptions (1), (2), (3), or (6).

Exception (4) covers situations where the injured party's damages exceed the limits of the basic loss benefits an injured party is entitled to under the statute.

There are four basic loss benefit categories: (a) allowable expenses; (b) work loss; (c) replacement services; and (d) survivor's loss. 40 P.S. 1009.202. "Allowable expenses" covers those costs an accident victim incurs in having his injuries treated. 40 P.S. 1009.103. "Work loss" covers the accident victim's loss of income. 40 P.S. 1009.103. "Re-

placement services" covers the costs of obtaining the ordinary and necessary services that the accident victim would have performed for his family. 40 P.S. 1009.103. "Survivor's loss" covers the situation where the accident victim dies. 40 P.S. 1009.103.

In the appellant's complaint, the mother seeks to recover "allowable expenses", "work loss" and "replacement services." However, it is the individual who was actually injured in the accident who is entitled to recover those damages. The only time an individual other than the one actually injured is entitled to recover under exception (4) is where that individual is a survivor of the victim. Since her daughter did not die in the accident, Ms. Bass is not a survivor. This is not to say that Ms. Bass's losses will go uncompensated. It simply means that they must be recovered in a suit brought in her daughter's name and not one brought in her name.

Exception (5) permits a person to recover damages for noneconomic detriment under some circumstances. Noneconomic detriment is defined as: "pain, suffering, inconvenience, physical impairment, and other nonpecuniary damage." 40 P.S. 1009.103. In the appellant's complaint, Ms. Bass seeks to recover pecuniary damages, not damages for noneconomic detriment as defined under 40 P.S. 1009.103. As a result, Ms. Bass's claim does not qualify under exception (5).

We hold that Count III of appellant's complaint is barred by section 301 of the No–Fault Statute and that the lower court's decision to strike Count III was correct. Pa.R.C.P. 1017(b)(2).

Finally, appellant argues that the lower court erred in failing to grant her leave to amend after striking Counts II and III from her complaint. Nowhere in the record does it show that the appellant asked the lower court for leave to amend. Since the lower court never had an opportunity to rule on a request by the appellant for leave to amend, we will not consider that question on appeal. *Di Sante v. Russ*

*Financial Company,* 251 Pa.Super. 184, 380 A.2d 439 (1977); *Nationwide Mutual Insurance Company v. Barbera,* 443 Pa. 93, 277 A.2d 821 (1971).

The ruling of the lower court is affirmed.