## Bronner v. Metropolitan Life Ins. Co.

*John J. O'Brien, III,* for plaintiff.
*Jane Soldoveri* and *Carl Oxholm, III,* for defendants.

CAESAR, *J.,* December 21, 1981 — This matter was previously before this court on preliminary objections (see memorandum and order dated May 5, 1981 and memorandum and order dated September 28, 1981).

On October 15, 1981, plaintiff filed a motion for reconsideration of the order of September 28, 1981, which dismissed plaintiff's amended complaint and granted leave for the filing of an amended complaint in assumpsit.

This court, upon reconsideration, finds that plaintiff is not precluded from filing a complaint in trespass, notwithstanding the recent opinion of the Supreme Court of Pennsylvania in D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company, 494 Pa. 501, 431 A. 2d 966 (1981).

D'Ambrosio held that an action in trespass seek-

ing punitive damages and damage for emotional distress based upon denial of a claim under an insurance policy will not lie. There the claim was for property damages to a boat and the alleged tort was refusal to properly investigate the claim and give the policyholder proper information.

D'Ambrosio is not dispositive of the instant case. Here the alleged tort is based on acts, or the failure to act, at the time of sale of a policy of life insurance. It alleges misrepresentations, deception and/or failure to explain the terms and conditions of a policy of life insurance necessary to give the applicant an understanding of his duties under the policy. Plaintiff also claims that the practice of the insurance company in selling a policy of life insurance without medical examination violated a duty owed to the applicant.*

This court would limit D'Ambrosio to its facts. Further, in his concurring opinion in D'Ambrosio, Justice Nix stated his opinion that, even in that case, plaintiff could seek relief under the common law tort of deceit: 494 Pa. 501, 431 A. 2d 966 at 974.

Plaintiff has stated sufficient facts to support an action in trespass.

With reference to the claim for punitive damages, plaintiff must allege intentional acts done with a bad motive or with a reckless indifference to the interests of others, amounting to outrageous conduct: Smith v. Brown, 283 Pa. Superior Ct. 116, 423 A. 2d 743 (1980). The court cannot say that the

---

*This court recognizes that the Unfair Insurance Practices Act of July 22, 1974, P.L. 589, 40 P.S. §1171 et seq. makes reference to acts relative to an application for an insurance policy, §1171.5(a)(12), but does not believe that the legislature meant to preclude common law tort actions involving insurance applications when it passed the Unfair Insurance Practices Act nor that D'Ambrosio so held.

acts attributed to defendant Kripitz could not amount to a reckless disregard for the interests of plaintiff. The resolution of that issue will be left to trial.

Wherefore, this court issues the following

## ORDER

And now, December 21, 1981, upon reconsideration of defendant's preliminary objections, the court issues the following order, which supplants previous orders by this court:

1. Count I of plaintiff's complaint is dismissed, as to defendant Edward Kripitz only;

2. Defendant's preliminary objections to Count II are overruled; and

3. Plaintiff is hereby directed to file an amended complaint, which incorporates, in a single document, the directions in this order (concerning Count I) and the allegations contained in both the original complaint and the amended complaint.