# McCabe v. Reuben H. Donnelley Company

*Joseph A. Kalowski,* for plaintiff.
*Arthur F. Silverblatt,* for defendant.

DALESSANDRO, *J.,* February 19, 1985—

## NATURE OF PROCEEDINGS

This matter is before the court on defendant's preliminary objections.

## HISTORY AND FACTS

On August 8, 1984, plaintiff filed a complaint in assumpsit and trespass, based upon a contract entered into between himself and defendant for the placement of a yellow pages advertisement, in the form of a green pages coupon, in a 1982 Wilkes-Barre, Pa., telephone directory. Plaintiff asserts that he has paid defendant the total contract price of $630. Plaintiff claims that he was never furnished "proofs" of his advertisement prior to its publication, and when he reviewed his advertisement in the 1982 directory, he became aware of errors, omissions and discrepancies in his green pages coupon. In his complaint, plaintiff seeks damages for breach of contract and for other resultant economic loss

and damage to plaintiff's business name and reputation.

Defendant filed preliminary objections to the complaint on October 1, 1984. Also on that date, a brief and a request for oral argument were submitted on behalf of defendant. No brief was submitted on behalf of plaintiff. On February 8, 1985, oral argument was waived by defendant, without objection by plaintiff. These preliminary objections are presently before us for disposition.

## DISCUSSION AND LAW

Defendant's preliminary objections are in the nature of two motions to strike off a pleading for lack of conformity to rule of court, three alternative motions to strike plaintiff's claim for punitive damages, and a motion for a more specific complaint.

Generally, the proper manner for a party to challenge an adverse party's inadequate compliance with the Pennsylvania Rules of Civil Procedure is by a preliminary objection in the nature of a motion to strike for lack of conformity to law or rule of court. Pa.R.C.P. 1017(b)(2). Defendant's initial motion in this respect asserts that the form of plaintiff's complaint is at variance with Pa.R.C.P. 1001, which provides in pertinent part:

"All claims hereto asserted in assumpsit or trespass shall be asserted in one form of action to be known as "civil action." Pa.R.C.P. 1001(b)(1). We agree and will permit the complaint to be amended to comply with the rules.

Defendant's second motion to strike for lack of conformity to rule of court relies on Pa.R.C.P. 1019, which provides in part:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the

writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing." Pa.R.C.P. 1010(h). Our review of the complaint indicates that paragraphs 4, 6, 9, and 11 refer to a contractual relationship between the parties, upon which plaintiff's claims are based. It is settled law that, "if a complant does not so specify, the inference is that the agreement averred is oral." Snyder v. Balas and Chase Manhattan Intl. Banking Corp., 65 Luzerne L.R. 230, 232 (1975). In effect, plaintiff is not required to aver whether the contract was oral or written and defendant's motion to strike is inappropriate. However, in order to expedite this matter, we grant leave to plaintiff to amend his complaint to comply with Pa.R.C.P. 1019(h) if in fact his claims are based upon a writing.

Defendant's next three motions alternatively request that this court strike plaintiff's claim for punitive damages. The first motion to strike on this basis asserts that Count II fails to aver a cause of action for which punitive damages are permitted; the third motion asserts that, according to the facts as set forth in the complaint, there can be no liability on the part of the defendant, based on the actions of its employee, for punitive damages. A review of plaintiff's complaint reveals that Count II, although incorporating as an element the alleged breach of contract of Count I, contains the basic elements of a tort: a legal duty owed to plaintiff by defendant, defendant's breach of that duty, and plaintiff's causally connected injury.

The complaint avers in paragraph 16 that:

". . .Mark Mattler was acting within the proper course and scope of his position as an authorized sales representative of the Defendant to the knowl-

edge of the Plaintiff." Paragraph 18 at (i)-(iii) and (v) avers action on the part of defendant by and through its agent, Mark Mattler; paragraph 18 at (iv) also names John Mainwaring as defendant's agent, but fails to state whether or not Mr. Mainwaring was acting within the scope of his employment during his negotiations with plaintiff.

Our research reveals a dearth of modern case law on the issue of the recovery of punitive damages against a principal for the misconduct of its agent. However, Skeels v. Universal C.I.T. Credit Corp., 335 F.2d 846 (3rd Cir. 1964) provides us with an overview of this subject:

". . .Pennsylvania is less restrictive [than many jurisdictions] in permitting a punitive award against a corporation for an employee's tort. The leading case of Lake Shore & Michigan So. Ry. v. Rosenzweig, 1886, 113 Pa. 519, 544, 6 A. 545, 553, states and applies the rule that a "corporation is liable for exemplary damages for the act of its servant, done within the scope of his authority, under circumstances which would give such a right to the plaintiff as against the servant." . . . But, recognizing the harshness of this rule, the Supreme Court of Pennsylvania has warned that "too great caution cannot by exercised in permitting the recovery of punitive damages for the willful or reckless act of a servant not authorized or approved by the master." Funk v. Kerbaugh, 1908, 222 Pa. 18, 19, 70 A.953, 954. (Interim citations omitted.) Skeels, supra, at 852. Based on all of the foregoing reasons, as applied to the complaint's allegations, plaintiff is entitled to seek punitive damages from defendant, based on the tortious actions of defendant's agents as alleged in the complaint; accordingly, defendant's motions to strike (III. and V.) are denied.

The other motion to strike plaintiff's claim for punitive damages (IV.) asserts that plaintiff, in Count II, has failed to aver facts sufficient to support an award of punitive damages. An essential element to support a claim for punitive damages is that the defendant's conduct must have been outrageous: "[o]utrageous conduct is an act done with a bad motive or with a reckless indifference to the interests of others." Smith v. Brown, 283 Pa.Super. 116, 120, 423 A.2d 743, 745 (1980). "Reckless indifference to others," sometimes called "wanton misconduct," means:

". . .that the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." (Citations omitted.) Temporaries, Inc. v. Krane, 325 Pa.Super. 103, 114, 472 A.2d 668, 673 (1984). Count II alleges intentional mismanagement of plaintiff's accounts by defendant, inducement of plaintiff by defendant to rely on promises and assurances that would not be kept, and the impugning of plaintiff's business reputation and name to third parties in the presence of plaintiff. We believe that for purposes of this motion, such conduct may be termed "outrageous." As such, this motion is denied.

Finally, defendant moves for a more specific complaint as regards Count II, as authorized by Pa.R.C.P. 1017(b)(3). Defendant asserts that the complaint in paragraph 18 fails to set forth with any degree of specificity what the alleged damages are or the exact manner in which defendant impugned plaintiff's business reputation and name. "A motion for a more specific pleading should not be used to make a party plead evidentiary matters." First Nat'l. Bk. of Mocanaqua v. Halliday, 71 Luzerne L.R. 12,

15 (1981). After examining Count II of the complaint as a whole, we are satisfied that the pleading sufficiently apprises defendant of the nature of the claim which it will be required to defend; additional information may be obtained through discovery. See First Nat'l. Bk. of Mocanaqua, supra. Accordingly, defendant's motion for a more specific complaint is denied.

An appropriate order will be entered in accordance with our conclusions above.

## ORDER

And now, this February 19, 1985, it is hereby ordered as follows:

(1) Defendant's preliminary objections in the nature of two motions to strike off a pleading for lack of conformity to rule of court, three motions to strike claim for punitive damages, and a motion for a more specific complaint are denied.

(2) Plaintiff is ordered to amend his complaint in compliance with Pa.R.C.P. 1001 within 20 days of this date.

(3) Plaintiff is granted leave to amend his complaint in compliance with Pa.R.C.P. 1019 within 20 days of this date.