## Douglas v. Acme Markets

448

*Lee H. Roberts,* for plaintiff.
*Paul W. Grego,* for defendant.

SAXTON, *J.,* October 31, 1996—Plaintiff Marie E. Douglas instituted this action by writ of summons January 31, 1995.

Complaint was filed August 9, 1996. Plaintiff alleges that on March 3, 1993, she was a business invitee on defendant Acme Market's property in Lock Haven, PA. Plaintiff slipped and fell on a grape, resulting in injuries. Plaintiff's complaint contains six counts, including strict liability, breach of implied/express warranty, and punitive damages. Defendant filed preliminary objections September 3, 1996, in the nature of a demurrer with regard to the strict liability, breach of warranties, and punitive damages counts, and for a more specific pleading with regard to paragraph 16(1) of Count II, negligence. Both parties have submitted briefs. Additionally, defendant requested oral argument, which the court feels is unnecessary to decide the matter.

In ruling upon a demurrer, we must examine the complaint with an eye toward determining its legal sufficiency.[1] The issue to be resolved is whether, upon the facts averred, the complaint shows with certainty

---

1. *Allegheny County v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985).

that plaintiff is not entitled to the relief sought.[2] A demurrer admits all well-pleaded material facts as well as all inferences reasonably deduced from them, but not conclusions of law. If there is any doubt, it should be resolved in favor of plaintiff.[3]

## STRICT LIABILITY

In order for plaintiff to recover under a products liability theory, she must show that the non-packaging of the grapes rendered them unreasonably dangerous to the user or consumer. To be unreasonably dangerous, the unpackaged grapes must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases them, with the ordinary knowledge common to the community as to their characteristics.[4]

In *Rearick v. Hardee's Family Restaurant,* 24 D.&C. 4th 314 (1995), the Court of Common Pleas of Dauphin County found that plaintiffs could maintain a strict liability claim against defendant Hardee's Restaurant where plaintiff Michael Rearick purchased hot coffee at the drive-through, which spilled onto his lap. The plaintiffs averred in their complaint that the coffee was distributed in a defective condition, as it was sold dan-

2. *Kyle v. McNamara & Criste,* 506 Pa. 631, 487 A.2d 814 (1985); *National Building Leasing Inc. v. Byler,* 252 Pa. Super. 370, 381 A.2d 963 (1977).

3. *Gall v. Allegheny County Health Department,* 521 Pa. 68, 555 A.2d 786 (1989).

4. Restatement (Second) of Torts §402(A); *Rearick v. Hardee's Family Restaurant,* 24 D.&C.4th 314 (1995).

gerously and unreasonably hot, the lid was defective, and no travel tray was provided.

This court notes we are not bound by this decision. Moreover, we feel that the case before us is distinguished by its facts. We agree that coffee, served at a deliberately hot temperature capable of scalding, without proper lid or tray, could be considered a defective product unreasonably dangerous as a matter of law. Here, plaintiff asks us to find that an unpackaged grape, as a matter of law, is a defective product unreasonably dangerous.

Defendant would urge us to consider the Texas case of *Moore v. J. Weingarten Inc.*[5] There, the appellate court considered whether the trial court erred in not allowing a strict liability claim by a grocery store employee who slipped on a grape. The employee claimed that defendant's failure to package the grapes created an unreasonable danger to consumers and bystanders. The court, relying on previous Texas case law, found that a single edible grape was not a defective product.

Plaintiff counters that we should disregard this case, as it involved Texas statutory law and the master-servant relationship and is therefore inapplicable. Naturally, we are not bound by this decision. However, we note that in its opinion, the Texas court made mention that neither party was able to cite a single case in *any* jurisdiction which held that a grape, even on the floor of a busy supermarket, constituted an unreasonably defective product. Similarly, neither party in this case has provided this court with any case law concerning this issue. We find the facts averred by plaintiff do not give rise to a strict liability claim, and sustain defendant's preliminary objection to this count.

5. 523 S.W.2d 445 (Tex. Ct. App. 1975).

## BREACH OF IMPLIED/EXPRESS WARRANTY

Plaintiff's Count III, breach of express and implied warranties, claims defendant breached express and implied warranties in that defendant expressly or impliedly misrepresented that the grapes and their packaging and displaying were safe.

A prerequisite to an action for breach of warranty is that there must be a sale. Even assuming a "contractual relationship," this does not mean that there was a "sale" as used in the Code.[6]

In their briefs, both parties cite *Whitmer v. Bell Telephone Co. of Pennsylvania,* 361 Pa. Super. 282, 522 A.2d 584 (1987). Plaintiff would have us take particular notice of language in that case where the Superior Court noted the issue of whether the offer and acceptance process is complete is particularly problematic in self-service supermarkets.[7] However, the case before us suggests not even a hint of this process. Plaintiff alleges that, while walking down an aisle of defendant's store, she slipped on a grape, fell, and was injured. Nowhere in her complaint does she indicate that she was in the process of purchasing grapes. This court cannot find even a contractual relation, let alone a sale. Without a sale, Count III must fail.

Further, plaintiff's claim that defendant breached section 2315 of the Pennsylvania Code cannot be sustained as that statute concerns warranties for a *particular* purpose, as opposed to an *ordinary* purpose, when the seller has reason to know of the particular purpose

---

6. *Whitmer v. Bell Telephone Co. of Pennsylvania,* 361 Pa. Super. 282, 522 A.2d 584 (1987).

7. Plaintiff's reply brief, p. 6.

and that the buyer is relying on the skill or judgment of the seller to furnish goods suitable for that purpose.[8] Plaintiff has not pled facts to which this statute is applicable.

## PUNITIVE DAMAGES

Punitive damages are awarded to a party to punish the opposing party for outrageous conduct, and to act as a deterrent.[9] Outrageous conduct has been characterized as malicious, wanton, reckless, willful, or oppressive conduct by a party, which can include reckless indifference to the interests of others.[10] Here, plaintiff avers defendant's failure to properly package and display the grapes was outrageous, gross, willful, and wanton. The Superior Court considered a similar claim wherein plaintiff alleged the negligence of defendant, resulting in an automobile accident, caused her injuries. Then, in the second count, plaintiff asked for punitive damages as defendant had driven her car in a "wanton and reckless manner."[11] The Superior Court found that plaintiff failed to indicate facts which rose to the level of outrageous conduct. Because the complaint failed to factually address why the conduct was outrageous, the court found it violative of Pa.R.C.P. 1019(a) (material facts supporting the cause of action must be stated in a concise and summary form), and affirmed the trial court's decision to strike the claim.[12]

Here, plaintiff alleges defendant had knowledge of grapes falling from unpackaged bunches for some time

8. *Gall v. Allegheny County Health Dept., supra.*
9. *Feld v. Merriam,* 314 Pa. Super. 414, 461 A.2d 225 (1983).
10. *Chambers v. Montgomery,* 411 Pa. 339, 192 A.2d 355 (1963).
11. *Smith v. Brown,* 283 Pa. Super. 116, 119, 423 A.2d 743, 744 (1980).
12. *Id.*

before her accident, yet continued the practice of displaying them in that manner. This continuation, according to plaintiff, constitutes reckless disregard of the risk of danger. We disagree. The facts before us do not rise to the level of outrageous conduct. Accordingly, Count IV, the punitive damages claim, shall be stricken.

We note plaintiff requested time for further discovery to develop facts concerning whether defendant had a record of paying compensatory claims when customers slipped on produce in their store, rather than remedying the problem by using available containers. If plaintiff has developed such new facts, the complaint may be amended and the court will consider them.

## MORE SPECIFIC PLEADING

A complaint must not only give defendant fair notice of a claim and the grounds upon which it rests, but also formulate the issue by fully summarizing the material facts. To withstand challenge, allegations must contain averments of all facts to be proved in order to recover, and be sufficiently specific so as to enable defendant to prepare a defense.[13]

Here, the boilerplate language of paragraph 16(1) gives defendant no notice of what may be introduced at trial. Defendant could not prepare to defend against such an all-encompassing claim, and this court finds it should be stricken. However, the right to amend a pleading should be liberally granted,[14] and plaintiff will be given an opportunity to do so.

13. *Baker v. Rangos,* 229 Pa. Super. 333, 324 A.2d 498 (1974).
14. *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983).

## CONCLUSION

Defendant's preliminary objections are hereby sustained. Plaintiff shall have 20 days from the date of this opinion and order to file an amended complaint, if desired.