## Faust v. Stish

C.P. of Monroe County, no. 2522 Civil 1999.

*Mark R. Kehoe,* for plaintiff.
*James J. McCarthy* and *Charles J. Fonzone,* for defendant.

CHESLOCK, *J.,* September 10, 1999—Plaintiff commenced this action by filing a complaint against defendants on March 25, 1999. Defendants Stish and Laubner filed a joint answer and new matter on April 20, 1999. On April 26, plaintiff filed an answer to defendants' new matter. On June 4, 1999, defendant William Cowell filed preliminary objections to plaintiff's complaint and a memorandum of law in support thereof. Plaintiff filed an answer and a memorandum of law in opposition to defendant Cowell's preliminary objections on June 23, 1999. On July 9, 1999, defendant filed a sur reply to plaintiff's answer to defendant's preliminary objections. Plaintiff filed a reply to defendant's sur reply on August 16, 1999. Oral argument was heard before the court on September 7, 1999. We are now ready to dispose of the preliminary objections.

On May 2, 1997, the plaintiff and defendant Stish were involved in a motor vehicle collision. Defendant Stish, operating a vehicle with a driver's permit and accompanied by defendant Laubner, was racing a vehicle operated by defendant Cowell. As the defendants' vehicles

passed plaintiff's vehicle, defendant Cowell applied his brakes. Defendant Stish lost control of his vehicle, cutting in front of the plaintiff's vehicle. Defendant Stish's vehicle forced plaintiff's vehicle into the guardrail. As a result, plaintiff was injured.

Defendant's preliminary objection is in the form of a motion to strike the punitive damages claim of plaintiff's complaint for failure to comply with Rule 1019(a) of the Pennsylvania Rules of Civil Procedure. Rule 1019(a) states "[t]he material facts on which a cause of action or defense is based shall be stated in summary form. Pa.R.C.P. 1019(a). Defendant alleges that plaintiff's complaint contains no material facts that support allegations that plaintiff is entitled to punitive damages.

The Pennsylvania courts have adopted the Restatement (Second) of Torts §908. According to the Restatement, punitive damages are damages awarded against a person to punish him for his outrageous conduct and to deter him and others from similar conduct in the future. Restatement (Second) of Torts §908(1), (2). Punitive damages must be based on conduct that is " 'malicious,' 'wanton,' 'reckless,' 'willful' or 'oppressive.' " *Feld v. Merriam,* 506 Pa. 383, 395, 485 A.2d 742, 747-48 (1984), quoting *Hughes v. Babcock,* 349 Pa. 475, 37 A.2d 551 (Pa. 1944); see also, *Moran v. G. & W.H. Corson Inc.,* 402 Pa. Super. 101, 586 A.2d 416 (1991). Comment (b) to section 908 provides:

"The conduct must be outrageous, either because the defendant's acts are done with an evil motive or because they are *done with reckless indifference to the rights of others [which] may provide the necessary state of mind to justify punitive damages.* " (emphasis added) Restatement (Second) of Torts §908, comment (b); *Moran,* 402 Pa. Super. at 113, 586 A.2d at 423.

"Reckless indifference to the rights of others" means that the "actor has intentionally done an act of unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." *Smith v. Brown,* 283 Pa. Super. 116, 120, 423 A.2d 743, 745 (1980), quoting *Evans v. Philadelphia Transportation Co.,* 418 Pa. 567, 212 A.2d 440 (1965); see also, *Martin v. Johns-Mansville Corp.,* 508 Pa. 154, 494 A.2d 1088 (1985).

In *Smith,* the defendant struck plaintiff's minor child with her car. 283 Pa. Super at 119, 423 A.2d at 744. Plaintiff's complaint averred that the defendant drove her car in a "wanton and reckless manner" and demanded punitive damages. *Id.* Specifically, plaintiff alleged that defendant was driving too fast for conditions and that defendant did not have her car under proper and adequate control. *Id.* at 119, 423 A.2d at 745. The court concluded that plaintiff failed to plead any facts that indicated defendant's conduct was outrageous, and that plaintiff's demand for punitive damages violated Pa.R.C.P. 1019(a). Therefore, said demand was stricken from the plaintiff's complaint. *Id.* According to the court, the pleading was insufficient because the issue of whether defendant's conduct was outrageous depended upon the nature of the conditions and the reasons why defendant lost control of her car. *Id.* at 120, 423 A.2d at 745. Here, defendant Cowell contends that plaintiff's claim for punitive damages suffers from "precisely the same defects in pleading punitive damages as the complaint in *Smith.*" (See defendant's memorandum of law in support of preliminary objections, p. 4.) We disagree.

In deciding whether to impose punitive damages, a court should not look at the end result, but at the "act

itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties . . . ." *Chambers v. Montgomery,* 411 Pa. 339, 345, 192 A.2d 355, 358 (1963). "The state of mind of the actor is vital." *Feld,* 506 Pa. at 396, 485 A.2d at 748.

The instant matter is distinguishable from *Smith.* The facts of *Smith* give no indication that defendant's collision with plaintiff's minor child was anything other than an accident caused by mere negligence. On the other hand, in the instant matter, the defendants were intentionally racing at high speeds, at 11:30 p.m. in the evening, on a public highway. Furthermore, defendant Stish was an inexperienced driver, operating his vehicle with only a driver's permit. In addition, defendant Cowell received a police citation for racing on highways.

Defendant argues that his actions were not reckless, willful and/or wanton and will not sustain a claim for punitive damages because he merely applied his brakes and was not involved in any collision with any other named parties to this action. In one sense, the defendant Cowell is correct; mere application of one's brakes is not reckless. However, applying one's brakes while traveling at a high rate of speed with the knowledge that there is a vehicle directly behind you also traveling at a high rate of speed and other vehicles on the same roadway moving at a much slower speed may constitute reckless indifference to the right of other motor vehicle occupants to safely travel on the Commonwealth's roadways. We conclude that the plaintiff's complaint contains material facts that could warrant the imposition of punitive damages and, therefore, complies with Rule 1019(a).

Furthermore, Rule 1019(b) states that "Malice, intent, knowledge and other conditions of mind may be averred

generally." Pa.R.C.P. 1019(b). Here, plaintiff alleges that the defendant operated his vehicle with "willful and wanton disregard of the rights and safety of others on the highway including plaintiff." (See plaintiff's complaint, ¶23.) This is a general averment of defendant Cowell's state of mind and is sufficient under Rule 1019(b).

Accordingly, we enter the following order:

### ORDER

And now, September 10, 1999, defendant Cowell's preliminary objections are hereby dismissed.