## Grant v. Daubenspeck

*Marion Munley,* for plaintiffs.

*Bernard T. Kwitowski,* for defendant Jamie Daubenspeck.

*Edward Daubenspeck,* pro se.

CHESLOCK, *J.,* July 25, 2006—On March 24, 2006, plaintiffs, Patricia Grant and Jessie Grant, her husband, filed the instant action against the defendants, Jamie Daubenspeck and Edward Daubenspeck, concerning an accident which occurred on or about June 27, 2004, on State Route 209 in Chestnuthill Township, Monroe County, Pennsylvania. On April 20, 2006, the defendant, Jamie Daubenspeck, filed preliminary objections to plaintiffs' complaint and filed a praecipe for oral argument with the court. Oral argument was scheduled before the court on June 5, 2006, and briefs having been filed by the parties, this matter is now before the court for disposition.

Pennsylvania Rule of Civil Procedure 1028(a)(2)(3), (b) states that preliminary objections may be filed by any party to a pleading and limited to the following grounds:

"(a)(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

"(3) insufficient specificity in a pleading;

"(b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading."

Daubenspeck's first preliminary objection is in the nature of a motion to dismiss plaintiffs' complaint for improper service pursuant to Pa.R.C.P. 1028(a)(1). However, this court having been advised that Daubenspeck has been served by publication in the *Northampton*

*County Reporter* and *The Express-Times,* this matter is now moot.

Daubenspeck's next preliminary objection is in the nature of a motion to strike the words "reckless" and "wanton" from plaintiffs' complaint. Plaintiffs' complaint at paragraphs 15, 16 and 20 avers that Daubenspeck's conduct was gross, wanton and reckless. Daubenspeck argues that this language in plaintiffs' complaint is devoid of fact which demonstrates his conduct rises to the level of reckless, wanton or gross negligence. We believe Daubenspeck objects to these words to avoid the potential of punitive damages being awarded to plaintiffs. In this regard, the Pennsylvania courts have adopted the Restatement (Second) of Torts, section 908. According to section 2 of the Restatement (Second) of Torts, punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. The Pennsylvania Supreme Court has found that "[p]unitive damages must be based on conduct which is 'malicious,' 'wanton,' 'reckless,' 'willful' or 'oppressive.'" *Feld v. Mirriam,* 506 Pa. 383, 395, 485 A.2d 742, 747-48 (1984) quoting *Hughes v. Babcock,* 349 Pa. 475, 37 A.2d 551 (1944). In short, the conduct must be outrageous and the actor must be in the state of mind to carry out the intentional, reckless or malicious act. *Id.* "Reckless indifference to the rights of others" means that the "actor has intentionally done an act of unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." *Smith v. Brown,* 283 Pa. Super. 116, 120, 423 A.2d 743,

745 (1980), quoting *Evans v. Philadelphia Transportation Co.,* 418 Pa. 567, 212 A.2d 440 (1965); see also, *Martin v. Johns-Mansville Corp.,* 508 Pa. 154, 494 A.2d 1088 (1985).

Instantly, plaintiff argues that Daubenspeck's actions were reckless and wanton, that the allegations in the complaint are appropriate and Daubenspeck's preliminary objections should be denied. In support of their argument, they cite the case of *Smith v. Brown,* 283 Pa. Super. 116, 423 A.2d 743 (1980). In *Smith,* the defendant struck plaintiff's minor child with her car. The Smith complaint averred that the defendant drove her car in a wanton and reckless manner and demanded punitive damages. Specifically, plaintiff Smith alleged that the defendant was driving too fast for the conditions and that she did not have her car under proper and adequate control. *Id.* at 119, 423 A.2d at 745. However, the Superior Court concluded that plaintiff failed to plead any facts that indicated that the defendant's conduct was outrageous and failed to put the defendant on notice as to what outrageous conduct was alleged. The complaint simply stated conclusions, not facts, and the Superior Court affirmed the trial court's decision to strike plaintiff's claim for punitive damages.

In the instant matter, after careful review of the complaint, we find no facts that support the allegations of wanton or recklessness being pled in the complaint. Plaintiffs' complaint alleges that Daubenspeck fell asleep while operating his vehicle. We find that plaintiffs' complaint fails to aver sufficient facts specifying the outrageous conduct which would include the terms reckless or wanton in the complaint. There is simply no factual

averment which would support the words "reckless" or "wanton" in the complaint or for the imposition of punitive damages. Accordingly, we will sustain Daubenspeck's preliminary objection in this regard.

The final preliminary objection filed in this matter is in the nature of a motion to strike paragraph 16(j) of plaintiffs' complaint. Daubenspeck argues that this paragraph contains general, vague and boilerplate allegations of negligence against him.

It is the function of a pleading to put the opponent on notice of what he will be called upon to meet at trial and to define the issues for trial. See 2 Goodrich-Amram 2d, §1019:2.1 (2001). Pa.R.C.P. 1019(a) requires the content of pleading to set forth material facts on which the cause of action or defense is based in a concise and summary form. "The purpose of [1019(a)] is to require the pleader to disclose the 'material facts' sufficient to enable the adverse party to prepare his case." *Baker v. Rangos,* 229 Pa. Super. 333, 349, 324 A.2d 498, 505 (1974), citing *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225, 282 A.2d 335, 339 (1971). The *Baker* court further stated that, "[a]llegations will withstand challenge under 1019(a) if (1) they contain averments of all the facts the plaintiff will eventually have to prove in order to recover . . . and (2) they are 'sufficiently specific so as to enable defendant to prepare his defense.'" *Id.* at 350, 324 A.2d at 505-506. (citations omitted) "Pa.R.C.P. 1019(a) has been construed to mean that the complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." *Krajsa v. Keypunch Inc.,* 424 Pa. Super. 230, 235, 622 A.2d 355, 357 (1993). (citation omitted)

In reviewing the plaintiffs' complaint, we find that paragraph 16(j) lacks specificity and should be stricken from plaintiffs' complaint. Plaintiff must set forth specifically what rules of the road or statute Daubenspeck violated. Without the specific law, Daubenspeck will not be able to prepare a proper defense. Hence, we will sustain his preliminary objection on this issue.

In view of the foregoing, we enter the following order:

## ORDER

And now, July 25, 2006, upon consideration of defendant Jamie Daubenspeck's preliminary objections and the plaintiffs' response thereto, it is hereby ordered the defendant Jamie Daubenspeck's preliminary objections are sustained. It is further ordered that the words "reckless" and "wanton" shall be stricken from paragraphs 15, 16 and 20 and that paragraph 16 (j) be stricken from plaintiffs' complaint.