**Abramowitz v. Pipher**

CP. of Monroe County, no. 2963 Civil 2006.

*Michael A. Lombardo III,* for plaintiff.
*Joseph F. McNulty Jr.* for defendant Pipher.
*Brett J. Riegel,* for defendant Calidad Auto Tech Products Inc.

CHESLOCK, *J.,* August 22, 2006—This matter is before the court on defendants', Russ Pipher, individually and as administrator of the estate of Marie Ann Pipher, Calidad Auto Tech Products Inc., a/k/a C.A.T. Products, a/k/a Run-Rite, preliminary objections to plaintiff's, Leslie Abramowitz, administrator of the estate of Susan Abramowitz, complaint. The plaintiff initiated this action by complaint filed May 3, 2006. The complaint is a personal injury action in which the plaintiff alleges that as a result of the defendants' negligence, the plaintiff's decedent was caused to suffer injuries and die. The accident stems from a motor vehicle accident which occurred on or about November 17, 2005, in which a vehicle driven by the defendant, Marie Ann Pipher, (Pipher)

was involved in a head-on collision with a vehicle driven by plaintiff's decedent, Susan Abramowitz, (decedent). On May 23, 2006, the defendants filed preliminary objections, a brief in support of their preliminary objections and a praecipe for argument. This matter was listed for argument before the court for July 3, 2006. However a continuance of the matter was granted until the argument court set for August 7, 2006. The parties have filed briefs in support of their respective positions and we are now prepared to dispose of this matter.

The Pennsylvania Rules of Civil Procedure provide as follows:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

"(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

"(3) insufficient specificity in a pleading;

"(4) legal insufficiency of a pleading (demurrer);

"(b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may not be inconsistent. Two or more preliminary objections may be raised in one pleading." Pa.R.C.P. 1028(a)(2), (3), (4)(b).

In their preliminary objections, the defendants have first filed a motion to strike off the words "recklessness," "conscious disregard," "conscious indifference," "outrageousness" and "wanton" behavior contained in the complaint. Defendants' motion to strike is in essence a demurrer. Defendants argue that the words used in the complaint fail to support a claim of recklessness or wan-

ton misconduct against them. When considering preliminary objections in the nature of a demurrer, this court must accept as true all well pleaded material facts in the complaint, as well as inferences reasonably deducible therefrom. *Webb Manufacturing Company v. Sinoff,* 449 Pa. Super. 534, 674 A.2d 723 (1996). We need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Penn Title Insurance Company v. Deshler,* 661 A.2d 481 (Pa. Commw. 1995). A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. *Morgan v. McPhail,* 449 Pa. Super. 71, 672 A.2d 1359 (1996). If there is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 650 A.2d 895 (1994).

Instantly, the defendants contend that the use of the words "recklessness," "conscious disregard," "conscious indifference," "outrageousness" and "wanton" behavior should be stricken from plaintiff's complaint. Specifically, the defendants request this court to strike those words from paragraphs 18, 20, 20(g), 20(s), 21, 21(e), 21(j), 22, 22(e), 22(l), 23(a), 23(b), 23(c), 24, 25, 43 and 44. A review of the briefs in this matter demonstrates that both plaintiff and defendants use some of the same cases in support of their positions. For example, both parties cite the case of *Smith v. Brown,* 283 Pa. Super. 116, 423 A.2d 743 (1980) in support of their positions. In *Smith,* a minor daughter and mother sought to recover against a defendant for personal injuries sustained in a motor vehicle accident. The defendant filed preliminary objections in the form of a motion to strike the

counts which contained a demand for punitive damages based upon the alleged wanton and reckless manner in which the defendant drove the vehicle. The trial court sustained the preliminary objections and struck the counts containing the averments for punitive damages and the matter was appealed to the Superior Court. The *Smith* court determined that Pennsylvania is a fact pleading state in which a complaint must not only give the defendant notice of the plaintiff's claim and the grounds upon which it rests but must also formulate the issues by summarizing those facts essential to the issues. *Id.* at 120, citing *Baker v. Rangos,* 229 Pa. Super. 333, 324 A.2d 498 (1974). The *Smith* court went on to state that an essential fact needed to support a claim for punitive damages is that the defendant's conduct be outrageous. Outrageous conduct is defined as an act done with bad motives or reckless indifference to the interest of others. *Id.* (citation omitted) The court defined "reckless indifference to the interest of others" as wanton misconduct meaning an intentional act done in disregard of a risk known to him or so obvious that he must be taken to have been aware of this and so great as to make it highly probable that harm will follow. *Id.,* citing *Evans v. Philadelphia Transportation Company,* 418 Pa. 567, 574, 212 A.2d 440, 443 (1965).

In the *Smith* case, the plaintiff alleged that the defendant was driving too fast for conditions and failed to have proper and adequate control of her car. In upholding the trial court, the Superior Court held that the plaintiff failed to plead any facts indicating that the conduct of the defendant was outrageous.

Another case cited by both parties, is *Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970). In *Focht,* the

plaintiff appealed from the denial of punitive damages. The trial court ruled that since liability was admitted, evidence of intoxication would not be admitted at trial to support an award for punitive damages. Thereafter, the plaintiff filed a motion for new trial solely limited to the issue of punitive damages. The *Focht* court held that Pennsylvania has adopted the rules of punitive damages as set forth in section 908 of the Restatement of Torts, (replaced by the Restatement (Second) of Torts in which the language is substantially the same). Punitive damages are damages other than compensatory or nominal damages awarded against a person to punish him for his outrageous conduct. The *Focht* court stated that punitive damages are awarded only for outrageous conduct which is done with a bad motive or a reckless indifference to the interest of others. *Id.* at 38, citing *Chambers v. Montgomery,* 411 Pa. 339, 344, 192 A.2d 355, 358 (1963). In distinguishing the case from the *Chambers* case, the Superior Court held that a wrong motive or a prior relationship between the parties need not exist before punitive damages will be imposed. The *Focht* court determined that in deciding whether punitive damages will be awarded, the trier of fact can consider the act itself and all the circumstances including the motive of the wrongdoer, the relations between the parties and the provocation or want of provocation for the act. In reversing the trial court and upholding the plaintiff's right for a new trial, the *Focht* court held that under appropriate circumstances, evidence of driving while under the influence of intoxicating liquors may constitute sufficient grounds for allowing punitive damages.

In this regard, we find that there are conflicts within the case law of Pennsylvania regarding the imposition

of punitive damages. Instantly, the plaintiff alleges that Pipher consumed prescription drugs, including pain killers, which caused an intoxicating effect on her. Unlike the case law presented to the court, the decedent was not imbibing in intoxicating liquors; however, plaintiff alleges Pipher was taking medicine prescribed by a doctor. Under these facts, we have no hesitancy in concluding that the inclusion of the words indicating outrageous or wanton conduct will be struck from the complaint. Although we recognize that driving while under the influence of intoxicating liquors has very great potential for harm and serious injury, we believe that the use of prescription drugs sets forth a different scenario which does not rise to the level of outrageous wanton conduct, or reckless indifference to the interest of others sufficient to allow the imposition of punitive damages. Plaintiff alleges no facts to support bad motive or a reckless indifference towards the interests of others. The facts set forth in the complaint simply do not establish a bad motive on the part of Pipher. We find that accepting as true all facts that are well pleaded allegations, including reasonable inferences deducible therefrom, that the plaintiff has failed to set forth a cause of action for punitive damages.

The defendants have also filed a motion to strike the exemplary damages contained in the plaintiff's complaint. As set forth above, we believe that the plaintiff's claim for exemplary or punitive damages fails as a matter of law and are stricken from Counts I and II of plaintiff's complaint.

Next, the defendants filed preliminary objections in the nature of a demurrer to Count I, negligent entrust-

ment. Section 308 of the Restatement (Second) of Torts defines the tort of negligent entrustment in pertinent part as follows:

"Permitting improper person to use things or engage in activities.

"(a) It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, *if the actor knows or should know* that such person intends or is likely to use the thing or conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

"(b) This rule applies . . . where the actor entrusts the thing to a third person . . . (when) the actor knows that the third person intends to misuse it, or the third person's known character or the peculiar circumstances of the case are such as to give the actor good reason to believe that the third person may misuse it." (emphasis supplied)

In applying the theory of negligent entrustment to a given set of facts, a defendant is liable because of his or her own actions in relation to the instrumentality or activity under his or her control. *Ferry v. Fisher,* 709 A.2d 399, 403 (Pa. Super. 1998). The "entruster's liability is not dependent on, derivative of, or imputed from the entrustee's actual liability for damages." *Id.*

In reliance on the above standard, we conclude that plaintiff can maintain the action as set forth in Count I of the complaint. Plaintiffs allege that the defendant, Russ Pipher (Russ), entrusted the subject vehicle to Pipher knowing that she would use or improperly use pain medications or drugs which could affect her ability

to operate the motor vehicle. Plaintiff's complaint contains allegations that Pipher was a chronic user of pain medicine. The complaint also alleges that defendants, Calidad Auto Tech Inc., a/k/a C.A.T. Products, a/k/a Run-Rite (C.A.T.) knew or should have known that decedent would take prescription drugs and then operate the vehicle. Although the complaint makes general allegations that C.A.T. knew or should have known of decedent's use of pain prescription medication, we believe it is too early to sustain a demurrer on this issue. Accepting as true all well pleaded facts contained in the complaint and inferences therefrom, we find that the complaint may support a cause of action under the legal theory of negligent entrustment and, therefore, the granting of a demurrer is inappropriate at this time.

Next, we will address the defendant's demurrer to the allegation of Pipher's agency in plaintiff's complaint. The basic elements of an agency relationship are the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties' principal to be in control of the undertaking. *B & L Asphalt Industries Inc. v. Fusco,* 753 A.2d 264, 269 (Pa. Super. 2000). The existence of the agency relationship is a question fact, however, the agency relationship must be proven by the party asserting it. *Id.* The plaintiff's complaint avers that the decedent was an employee, workman, servant, agent or ostensible agent of the defendants, and acting within the scope of her employment. It is well established in Pennsylvania that a master is liable for the acts of his servant which are committed during the course and within the scope of the servant's employment. *Fitzgerald v. McCutcheon,*

270 Pa. Super. 102, 410 A.2d 1270 (1979). To fasten the liability upon an employer, it must be demonstrated that the employer knew or in exercise of ordinary care should have known of the necessity and opportunity of exercising control of his employee. *Dempsey v. Walso Bureau Inc.,* 431 Pa. 562, 246 A.2d 418 (1968).

Instantly, although the plaintiff alleges that Pipher was an employee of defendants, the complaint contains bald allegations and fails to set forth how Pipher was acting in the course of her employment at the time the cause of action arose. In addition, the plaintiff failed to show how Russ was the employer of his wife. There are simply no facts set forth in the complaint which, taken as true, make a valid claim as to agency of Pipher to the defendants. However, we will not withhold the right to amend where there is a possibility plaintiff can amend his complaint successfully. Accordingly, we will sustain the defendants' objection on this point and permit plaintiff the opportunity to set forth facts to establish the basic elements of an agency relationship.

The defendants also filed a demurrer to the vicarious liability claim made in plaintiff's complaint. Vicarious liability, also referred to as imputed negligence, "means in its simplest form that, by reason of some relation existing between A and B, the negligence of A is to be charged against B although B has played no part in it, has done nothing whatever to aid or encourage it, or indeed has done all that he possibly can to prevent it." See *e.g., Crowell v. City of Philadelphia,* 531 Pa. 400, 407-408, 613 A.2d 1178, 1181 (1992) (citing Prosser and Keaton on Torts (5th ed. 1984) §69, p. 499). Simply stated, vicarious liability imposes tort liability on an

individual by virtue of that person's relation to the actual tort-feasor. *Crowell* at 409, 613 A.2d at 1181. As set forth above, the plaintiff's complaint makes invalid allegations regarding agency or imposition of vicarious liability and accordingly, we will sustain defendants' preliminary objections on this point.

Next, the defendants preliminarily object in the nature of a demurrer, to the negligent employment/training claims contained in plaintiff's complaint. In her brief, the plaintiff argues that the court must accept as true all well pleaded allegations and that if facts developed in discovery do not support such a claim, the defendant has the action of presenting the issue for resolution by motion for summary judgment. However, as the plaintiff has failed to set forth any allegations to support her claim, the complaint does not specify how defendants were negligent in this regard. Further, plaintiff fails to cite appropriate legal authority in support of her position and we believe the issue has been waived. *Treasure Lake Property Owners Association Inc. v. Meyer,* 832 A.2d 477 (Pa. Super. 2003). Hence, we find we must sustain defendants' objection in this regard.

Finally, the defendants have filed preliminary objections in the nature of a motion to strike paragraphs 20(g), (h), (1), (s), (y), (aa), (bb) and 47 for lack of specificity. Defendants argue that the plaintiff failed to set forth specifically how the decedent failed to exercise due care and violate applicable rules, regulations and laws pertaining to safe and proper operation of motor vehicles and the like. It is well settled in the law that it is the function of a pleading to put the opponent on notice on what will be called upon to meet at trial and to define the issues

for trial. See 2 Goodrich-Amram Second §1019:2.1 (2001). Pennsylvania Rule of Civil Procedure 1019(a) requires the content of a pleading to set forth material facts upon which the cause of action or defense is based in a concise and summary form. "The purpose of Rule 1019(a) is to require the pleader to disclose the 'material facts' sufficient to enable an adverse party to prepare its case." *Baker v. Rangos, supra* at 349, 324 A.2d at 505 (citing *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225, 282 A.2d 335, 339 (1971). The *Baker* court stated that "allegation will withstand challenge under 1019(a) if (1) they contain averments of all facts that plaintiff will eventually have to prove in order to recover . . . and (2) they are sufficiently specific as to enable the defendant to prepare his defense." *Id.* at 350, 324 A.2d at 505, 506. (citation omitted) "Pa.R.C.P. 1019(a) has been construed to mean that a complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." *Krajsa v. Keypunch Inc.,* 424 Pa. Super. 230, 235, 622 A.2d 355, 357 (1993). (citation omitted)

In reviewing the complaint as a whole, we find that the complaint apprises the defendants of the issues which they will be called upon to defend at trial. However, we believe that the plaintiff should specify any statutes, laws, rules or regulations which Pipher violated in order to allow defendants to properly prepare a defense. Accordingly, we will sustain the defendants' demurrer. However, we will not withhold the right to amend where we believe that there is some reasonable possibilities that the plaintiff can amend her complaint successfully.

In light of the foregoing, we enter the following order,

## ORDER

And now, August 22, 2006, upon consideration of the defendants', Russ Pipher, individually and as administrator of the estate of Marie Ann Pipher, Calidad Auto Tech Products Inc., a/k/a C.A.T. Products, a/k/a Run-Rite, preliminary objections to the plaintiff's, Leslie Abramowitz, administrator of the estate of Susan Abramowitz, complaint it is hereby ordered as follows:

(1) Defendants, Russ Pipher, individually and as administrator of the estate of Marie Ann Pipher, Calidad Auto Tech Products Inc., a/k/a C.A.T. Products, a/k/a Run-Rite's preliminary objections in the nature of a motion to strike the words "recklessness," "conscious disregard," "conscious indifference," "outrageousness" and "wanton" from plaintiff's complaint are sustained.

(2) Defendants' preliminary objections in the nature of a motion to strike paragraphs request for exemplary damages in the complaint is sustained.

(3) Defendants' preliminary objections in the nature of a demurrer to plaintiff's actions for negligent entrustment and agency are overruled.

(4) Defendants' preliminary objections in the nature of a demurrer to plaintiffs' actions for vicarious liability and negligent employment/training are sustained.

(5) Defendants' preliminary objections in the nature of a motion to strike paragraphs 20(g), (h), (1), (s), (y), (aa), (bb) and 47 for lack of specificity are sustained. It is further ordered that plaintiff is granted 20 days to file an amended complaint consistent with the foregoing opinion.